Shirley **MAHONEY**, Plaintiff–Appellant,

v.

**UNITED STATES POSTAL SERVICE;**
Postmaster General; Oakland
Postmaster, Defendants–Appellees.

No. 87–2773.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 14, 1989.

Decided Sept. 6, 1989.

Before HUG, HALL and O'SCANNLAIN, Circuit Judges.

HUG, Circuit Judge:

Shirley Mahoney appeals *pro se* the district court's dismissal of her complaint alleging that the United States Postal Service ("USPS" or "Postal Service") discriminated against her on the basis of race, in violation of 42 U.S.C. § 2000e–16 (1982), and handicap, in violation of 29 U.S.C. § 794 (1982 & Supp. IV 1986). The district court concluded that it lacked jurisdiction over the matter because Mahoney failed to give notice to the appropriate defendant within the statutory limitations period. Although Mahoney's appeal is complicated by the Supreme Court's recent decision in *Loeffler v. Frank*, 486 U.S. 549, 108 S.Ct. 1965, 100 L.Ed.2d 549 (1988), we conclude that dismissal for want of jurisdiction was proper and therefore affirm.

## I. *BACKGROUND*

In October 1972, Mahoney, then a USPS employee, injured her back while attempting to lift a heavy object. Mahoney received worker's compensation benefits from the time of the accident until January 1980, when it was determined that she no longer possessed any residual disability. After her benefits were terminated, Mahoney sought reemployment with the USPS. For the next three years, she repeatedly applied to the Postal Service in an attempt to regain her former position. The USPS, however, failed definitively to act on her petition for reemployment until January 1983, when it rejected her application due to her poor safety record.

After the Postal Service refused to rehire her, Mahoney filed an administrative complaint, claiming that the USPS's decision was impermissibly motivated by considerations of race and physical handicap. The Equal Employment Opportunity Commission ("EEOC") conducted an investigation and hearing, but concluded that the

Shirley Mahoney, Oakland, Cal., pro se.

Joann M. Swanson, Asst. U.S. Atty., San Francisco, Cal., for defendants-appellees.

evidence did not support a finding of discrimination. Mahoney then appealed internally to the Office of Review and Appeals ("ORA"). Although this appeal was pending before the ORA for almost two years, it was ultimately rejected on September 22, 1986 as untimely.

Having received notice of the EEOC's final disposition of her complaint, Mahoney, proceeding *pro se*, filed a civil action in district court on October 29, 1986. This action, which named the USPS as defendant, reiterated her allegations of discrimination. Mahoney's complaint was served on the United States Attorney's office on January 24, 1987. The USPS was served on February 23, 1987. Finally, on March 3, 1987, Mahoney amended her complaint to add the Postmaster General as a defendant.

Upon motion of the Postal Service, the district court dismissed Mahoney's complaint on September 14, 1987. The court found the complaint jurisdictionally defective, because Mahoney did not name the appropriate defendant (the Postmaster General) until well outside the 30–day limitations period prescribed by statute. Mahoney then filed a timely notice of appeal with this court. Our jurisdiction is premised on 28 U.S.C. § 1291 (1982), and our review of this question of federal subject matter jurisdiction is *de novo*. *See, Lofton v. Heckler*, 781 F.2d 1390, 1392 (9th Cir. 1986).

## II. *JURISDICTION*

42 U.S.C. § 2000e–16 describes the parameters within which an individual may sue the federal government for a violation of Title VII,[1] stating in pertinent part:

> Within thirty days of receipt of notice of final action taken ... by the Equal Employment Opportunity Commission upon an appeal from a decision or order of [a] department, agency, or unit on a

complaint of discrimination ... an employee or applicant for employment, if aggrieved by the final disposition of his complaint ... may file a civil action ... in which ... the head of the department, agency, or unit, as appropriate, shall be the defendant.

42 U.S.C. § 2000e–16(c) (1982). The procedure for applying section 2000e–16 to suits against the USPS is well settled in this circuit. First, the Postmaster General is deemed the only appropriate defendant for such an action. *See Cooper v. United States Postal Serv.*, 740 F.2d 714, 716 (9th Cir.1984), *cert. denied*, 471 U.S. 1022, 105 S.Ct. 2034, 85 L.Ed.2d 316 (1985). Second, the 30–day time limit for filing suit is viewed as a jurisdictional prerequisite and is strictly enforced. *See id.; see also Koucky v. Department of the Navy*, 820 F.2d 300, 302 (9th Cir.1987) (citing *Cooper*). Failure to name the proper defendant within the limitations period deprives the district court of jurisdiction over the matter. *See Jordan v. Clark*, 847 F.2d 1368, 1372 (9th Cir.1988), *cert. denied*, —— U.S. ——, 109 S.Ct. 786, 102 L.Ed.2d 778 (1989). A *pro se* litigant, however, who fails to name the appropriate defendant in an otherwise viable complaint may avoid dismissal on jurisdictional grounds by attaching to that complaint an administrative order that names the correct defendant. *See Hymen v. Merit Sys. Protection Bd.*, 799 F.2d 1421, 1422 (9th Cir.1986), *cert. denied*, 481 U.S. 1019, 107 S.Ct. 1900, 95 L.Ed.2d 506 (1987).

In the instant case, it is not disputed that when Mahoney filed her complaint on October 29, 1986, she did so within 30 days of "receipt of notice of final action" for purposes of section 2000e–16. Rather than naming the Postmaster General as defendant, however, Mahoney listed only the USPS. Further, none of the administrative papers filed with Mahoney's complaint

---

1. Although Mahoney claims violation of both Title VII and the Rehabilitation Act, the Rehabilitation Act simply makes available to victims of handicap discrimination the rights and reme- dies embodied in Title VII. *See Boyd v. United States Postal Serv.*, 752 F.2d 410, 412 (9th Cir. 1985). Thus, the following analysis is applicable to both claims.

mentions the Postmaster General. Finally, Mahoney did not attempt to amend her complaint to add the Postmaster General as a party until March 3, 1987, well after the limitations period had run. Thus, Mahoney's suit was properly dismissed unless she can establish either (1) that her amended complaint relates back to her original complaint under Fed.R.Civ.P. 15(c), or (2) that in light of the Supreme Court's recent decision in *Loeffler v. Frank*, 486 U.S. 549, 108 S.Ct. 1965, 100 L.Ed.2d 549 (1988), section 2000e–16's limitations period can no longer be treated as jurisdictional in suits against the Postal Service. We address each possibility in turn.

### A. *Availability of Rule 15(c) Relief*

Fed.R.Civ.P. 15(c) states in relevant part: An amendment changing the party against whom a claim is asserted relates back if ... within the period provided by law for commencing the action against the party to be brought in by amendment that party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

The delivery or mailing of process to the United States Attorney, or United States Attorney's designee, or the Attorney General of the United States, or an agency or officer who would have been a proper defendant if named, satisfies the requirement of clauses (1) and (2) hereof with respect to the United States or any agency or officer thereof to be brought into the action as a defendant.

The Supreme Court has held that, in order to rely on Rule 15(c), a litigant must establish that "the party to be brought [into the action] ... [has] received such notice that it will not be prejudiced in maintaining its defense." *Schiavone v. Fortune, Inc.*, 477 U.S. 21, 29, 106 S.Ct. 2379, 2384, 91 L.Ed.2d 18 (1986). In order to be effective, notification must take place within the prescribed limitations period for filing suit. *See id.; see also Cooper*, 740 F.2d at 716 ("[t]his

circuit adheres to a literal interpretation of rule 15(c)'s notice requirement"). Thus, in order to avail herself of the relief afforded by the relation back doctrine, Mahoney must prove that the Postmaster General received adequate notice of her action within the 30–day limitations period established by section 2000e–16.

Mahoney's ability to prove compliance with this notice requirement is dependent, to a large extent, on calculation of the exact date from which the limitations period should be deemed to run. According to the statute, the 30–day time period is triggered by "receipt of notice of final action taken by ... the Equal Employment Opportunity Commission." 42 U.S.C. § 2000e–16(c) (1982). Mahoney's attorney, Elaine Wallace, received a copy of the EEOC's final decision in Mahoney's case on September 29, 1986. Mahoney, however, claims that she was not made aware of the final disposition of her complaint until October 15. She further contends that she was no longer being represented by her attorney at that time and that the limitations period should therefore run from the date on which she personally received the EEOC's decision (October 15) rather than from the date on which Wallace received it (September 29).

■ Mahoney's argument is not persuasive. When she originally filed her complaint with the EEOC, she attached to it a statement designating Wallace as her attorney and requesting that "[a]ny contacts or communications with respect to the [complaint]" be addressed to Wallace rather than herself. Receipt of an EEOC decision by authorized counsel is sufficient in this circuit "to start the jurisdictional clock running." *Koucky*, 820 F.2d at 301 (citation omitted); *see also Gonzalez v. Stanford Applied Eng'g, Inc.*, 597 F.2d 1298, 1299 (9th Cir.1979) (applying similar rule in private-sector Title VII litigation). *But see Jones v. Madison Serv. Corp.*, 744 F.2d 1309, 1312–14 (7th Cir.1984) (discussing approaches in other circuits). Having failed to inform the EEOC that she would no longer be using Wallace as her attorney, Mahoney cannot now argue that receipt of

notice by Wallace was not receipt by "authorized" counsel. *Cf. St. Louis v. Alverno College,* 744 F.2d 1314, 1316–17 (7th Cir.1984) (failure to inform the EEOC of address change results in running of the limitations period from date that notice is delivered to most recent address provided). We therefore conclude that section 2000e–16's limitations period began to run on September 29, 1986, the date Wallace received a copy of the EEOC's final resolution of Mahoney's complaint.

■ Mahoney, then, must have given notice to the Postmaster General by October 29, 1986 in order to take advantage of Rule 15(c). Service of the complaint on the United States Attorney (or his designee) or the Attorney General would have been sufficient notice to the Postmaster General for purposes of this rule. *See* Fed.R.Civ.P. 15(c); *Cooper,* 740 F.2d at 717. Mahoney, however, did not serve the United States Attorney until January 1987. Nor did she take any action in October 1986 sufficient to put the Postmaster General on notice of her suit. *Compare Korn v. Royal Caribbean Cruise Line, Inc.,* 724 F.2d 1397 (9th Cir.1984) (notice to an entity with which the party to be added shares "sufficient community of interest" may be sufficient for purposes of Rule 15(c)). Rule 15(c) relief is thus unavailable to her.

### B. *Effects of* Loeffler

Mahoney's final argument supporting revival of her suit is that section 2000e–16's limitations period can no longer be treated as jurisdictional in suits against the Postal Service in light of the Supreme Court's decision in *Loeffler v. Frank,* 486 U.S. 549, 108 S.Ct. 1965, 100 L.Ed.2d 549 (1988). In *Loeffler,* the Supreme Court addressed the question of whether prejudgment interest may be awarded in a suit against the USPS brought under Title VII. The Eighth Circuit, sitting *en banc,* had concluded that Congress had not waived the sovereign immunity of the USPS with regard to prejudgment interest in Title VII suits and that an award of interest was therefore improper. *Id.* at 1968. The Supreme Court, however, disagreed. Although the

Court endorsed the general principle that, "[a]bsent a waiver of sovereign immunity, the Federal Government is immune from suit," *id.* at 1969 (citation omitted), it went on to note that "Congress ... has waived the sovereign immunity of certain federal entities from the times of their inception by including in the enabling legislation provisions that they may sue and be sued." *Id.*

The USPS is just such a federal entity. As part of the Postal Reorganization Act of 1970, Congress granted to the USPS the power "to sue and be sued in its official name." 39 U.S.C. § 401(1) (1982). According to the Supreme Court, Congress, by including this clause in the USPS's charter, "cast off the Service's 'cloak of sovereignty' and [gave] it the 'status of a private commercial enterprise.'" *Loeffler,* 108 S.Ct. at 1970 (quoting *Library of Congress v. Shaw,* 478 U.S. 310, 317 n. 5, 106 S.Ct. 2957, 2963 n. 5, 92 L.Ed.2d 250 (1986)). The Court went on to state that such a broad waiver of sovereign immunity should not be circumscribed absent exceptional circumstances:

> [I]f the general authority to 'sue and be sued' is to be delimited by implied exceptions, it must be clearly shown that certain types of suits are not consistent with the statutory or constitutional scheme, that an implied restriction of the general authority is necessary to avoid grave interference with the performance of a governmental function, or that for other reasons it was plainly the purpose of Congress to use the 'sue and be sued' clause in a narrow sense.

*Id.* 108 S.Ct. at 1969 (quoting *FHA v. Burr,* 309 U.S. 242, 245, 60 S.Ct. 488, 490, 84 L.Ed. 724 (1940)).

Applying this test, the Court held that subjecting the USPS to prejudgment interest awards would not be inconsistent with the Postal Reorganization Act, nor would it pose a threat of grave interference with the USPS's operations. *Id.* 108 S.Ct. at 1970. Further, the Court saw nothing in the language of the statute or its legislative history to indicate that Congress intended that section 401 be applied narrowly with regard to interest awards. *Id.* Thus,

the Court concluded that the USPS should be treated like a private employer for purposes of assessment of interest in Title VII suits: Since a private entity could properly be subjected to such an award, so too could the USPS. *Id.* at 1974–75.

The Supreme Court's decision in *Loeffler* arguably makes circuit precedent deeming section 2000e–16's 30–day limitations period jurisdictional in suits against the government inapplicable to litigation involving the USPS. The rationale for treating the filing period as jurisdictional when the government is a defendant is grounded in the notion of sovereign immunity: "[T]he United States, as sovereign, 'is immune from suit save as it consents to be sued ... and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976) (citation omitted); *see also Mondy v. Secretary of the Army,* 845 F.2d 1051, 1055 (D.C.Cir. 1988). Although we have held the 30–day limitation jurisdictional in claims against federal agencies, we have held that the time limit for filing a private-sector Title VII complaint in district court is a nonjurisdictional statute of limitations subject to equitable tolling in appropriate situations. *See Valenzuela v. Kraft, Inc.,* 801 F.2d 1170, 1174 (9th Cir.1986) (interpreting 42 U.S.C. § 2000e–5(f)(1) (1982), the private-sector counterpart to section 2000e–16(c)), *modified on other grounds,* 815 F.2d 570 (1987); *see also Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393–94, 102 S.Ct. 1127, 1132–33, 71 L.Ed.2d 234 (1982) (holding that the time limit for filing a Title VII claim against a private employer with the EEOC is nonjurisdictional). Thus, absent exceptional circumstances justifying departure from the general rule that Congress has waived USPS's sovereign immunity for purposes of Title VII litigation, *Loeffler* appears to require the conclusion that section 2000e–16(c) should be construed as nonjurisdictional in suits against the Postal Service.

■ However, reference to the three factors enumerated in *Loeffler* upon which,

according to the Court, any exception to the USPS's general waiver of sovereign immunity must be based, leads us to the conclusion that exceptional circumstances are present in this case. We doubt that treating the 30–day time period as a nonjurisdictional statute of limitations can be viewed as inconsistent with the goals of the Postal Reorganization Act. *See Loeffler,* 108 S.Ct. at 1969 (stating that the general impetus behind the Postal Reorganization Act was Congress' desire that the "Postal Service 'be run more like a business than had its predecessor, the Post Office Department'" (citation omitted)). Nor do we believe that allowing equitable tolling of section 2000e–16's filing period would pose a threat of "grave interference" with the USPS's operations. *Compare id.* at 1970 (subjecting Postal Service to prejudgment interest awards does not constitute "grave interference"). We conclude, however, that the language of the Postal Reorganization Act, itself, indicates that Congress intended that the USPS's sue-and-be-sued clause be applied narrowly with regard to statutory limitations periods.

■ The Postal Reorganization Act, while it announced the general rule that, at least for purposes of litigation, the USPS should be treated like a private business rather than an arm of the government, also created several specific exceptions to that rule. The exception relevant to this case is delineated in 39 U.S.C. § 409(b) and provides:

> Unless otherwise provided in this title, the provisions of title 28 relating to service of process, venue and *limitations of time for bringing action in suits* in which the United States, its officers, or employees are parties ... shall apply in like manner to suits in which the Postal Service, its officers, or employees are parties.

39 U.S.C. § 409(b) (1982) (emphasis added); *see also Loeffler,* 108 S.Ct. at 1970 & n. 4 (noting existence of exception). Of course, section 409(b) does not specifically mention Title VII. We believe, however, that it evinces congressional intent to afford the Postal Service the benefit of being con-

sidered an arm of the government where many of the mechanics of filing suit are concerned. Section 2000e–16(c), like the provisions of title 28 discussed in section 409(b), announces a "limitation[ ] of time for bringing action in suits." We therefore conclude that the USPS should be treated as a governmental entity rather than a private business when application of section 2000e–16(c) is at issue.

This result is further justified by reference to the statutory structure of Title VII. Private-sector Title VII litigation is brought pursuant to 42 U.S.C. § 2000e–5 (1982). In contrast, suits against the government, including actions involving the Postal Service, are authorized by section 2000e–16. The practical effect of this distinction is that litigants suing any governmental entity are subject to mandatory administrative proceedings before they can file an action in federal court. *See Loeffler*, 108 S.Ct. at 1974. However, a suit brought against the government, *"once commenced*, is delineated by the same provisions as a suit against a private employer." *Id.* (emphasis added). This is an indication that administrative proceedings and time requirements prior to the time that the suit is "commenced" should be governed by the statutory requirements pertaining to government agencies. Had Congress wanted to treat the USPS like a private employer during the time period prior to the filing of a Title VII claim in federal court, it could easily have done so by deleting reference to the Postal Service from section 2000e–16. Instead, Title VII as drafted expressly groups the USPS with other governmental entities until a complaint is filed in district court. Our holding today is consistent with this approach.

## CONCLUSION

Mahoney cannot take advantage of Rule 15(c). Further, *Loeffler v. Frank*, 486 U.S. 549, 108 S.Ct. 1965, 100 L.Ed.2d 549 (1988), has no effect on this circuit's rule that the time period for filing an employment discrimination action against the Postal Service is jurisdictional in nature. Thus, the district court properly dismissed Mahoney's complaint for lack of jurisdiction.

AFFIRMED.