891 F.2d 294
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kenneth W. EVANS, Plaintiff-Appellant,
v.
U.S. POSTAL SERVICE, and Postmaster General, Defendant-Appellee.
 No. 88-6301.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 7, 1989.*
Decided Dec. 6, 1989.
 
 Before ALARCON, O'SCANNLAIN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kenneth Evans appeals the district court's order dismissing his complaint for employment discrimination for lack of subject matter jurisdiction. The district court found that Evans failed to comply with 42 U.S.C. § 2000e-16(c), which requires a civil litigant to commence an action for employment discrimination against the federal government within thirty days of receipt of notice of final action by the relevant federal agency or by the Equal Employment Opportunity Commission (EEOC) upon an appeal from a decision of such agency. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 The existence of subject matter jurisdiction is a question of law reviewable de novo. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989). The district court's factual findings on jurisdictional issues will be accepted unless clearly erroneous. Stock West, Inc. v. Confederated Tribes of the Colville Reservation, 873 F.2d 1221, 1225 (9th Cir.1989).
 
 
 4
 In his original appeal before the EEOC, filed on December 1, 1980, and his complaint in the civil action before the district court, filed on August 31, 1987, Evans challenged the Postal Service's decision to terminate his employment and deny him reassignment on the basis of handicap discrimination. For the first time, in this appeal, Evans also challenges as discriminatory a fitness-for-duty examination conducted on April 25, 1980, which determined that he was capable of fulfilling his duties as a custodian. We review each of these challenges in turn.
 
 1. Termination
 
 5
 29 U.S.C. § 794(a)(1) provides that rights and remedies available under 42 U.S.C. § 2000e-16 are applicable to persons complaining of employment discrimination under the Rehabilitation Act. Boyd v. United States Postal Service, 752 F.2d 410, 412 (9th Cir.1985). Because Evans' complaint alleged such discrimination under the Rehabilitation Act, the time limits contained in 42 U.S.C. § 2000e-16(c) apply to this case. Section 2000e-16(c) requires that an aggrieved employee file a civil action within thirty days of receiving notice of either a final agency decision or a final decision from the EEOC. 42 U.S.C. § 2000e-16(c) (1982). This time limit is mandatory and jurisdictional. Mahoney v. United States Postal Service, 884 F.2d 1194, ---- (9th Cir.1989) (reaffirming jurisdictional nature of thirty-day provision for filing suit in light of Loeffler v. Frank, --- U.S. ----, 108 S.Ct. 1965 (1988)). Under the regulations in effect at the time of the administrative proceedings in this case, there was no time limit for filing a request to reopen. See 29 C.F.R. § 1613.235(a) (1987). As a result, filing a request for reconsideration with the EEOC did not extend the jurisdictional time limit. Mahroom v. Defense Language Institute, 732 F.2d 1439, 1440 (9th Cir.1984).
 
 
 6
 On September 12, 1982, the EEOC denied Evans' appeal from a decision of the Merit Systems Protection Board, finding that the Postal Service effected his termination for legitimate, non-discriminatory reasons. Evans received this decision on October 12, 1982. Because the decision did not address Evans' challenge to the denial of his reassignment, the decision did not constitute a final agency action under 42 U.S.C. § 2000e-16(c). See 29 C.F.R. § 1613.233(a) (1987) ("the decision of an agency shall be final only when the agency makes a determination on all of the issues in the complaint"). The agency action became final, and thus started the thirty-day limitations period running, upon the resolution of Evans' challenge to the denial of his request for reassignment.
 
 2. Denial of Reassignment
 
 7
 In this case, the Postal Service issued a final agency decision on December 14, 1982, dismissing Evans' challenge to the denial of his reassignment as untimely. The Postal Service stated that Evans had failed to initiate the EEOC complaint process by contacting an EEOC counselor within thirty days of the denial of his request for reassignment. The EEOC denial Evans' appeal on April 18, 1983. On May 23, 1983, Evans requested that the EEOC reopen the matter, asserting that he had contacted an EEOC counselor within the time limit.
 
 
 8
 As a result of this request to reopen, the EEOC vacated its April 18, 1983 decision and directed the Postal Service to investigate whether Evans had contacted an EEOC counselor. After investigation, the Postal Service found that the complaint was timely and considered it on the merits. The Postal Service issued its ruling, after a hearing, on November 9, 1984 and determined that the denial of reassignment was non-discriminatory. On November 24, 1986, the EEOC affirmed this decision.
 
 
 9
 The EEOC's November 24, 1986 decision notified Evans that he must file a civil action within thirty days of its receipt and that a request to reconsider was not sufficient to extend the time for filing. Although the record is unclear as to when Evans received the decision, he filed a request to reconsider the decision on December 9, 1986. He failed to file a civil action within thirty days of that date.
 
 
 10
 The district court found that the EEOC's April 18, 1983 denial constituted a final agency action that started the limitations period running. Because the EEOC later vacated that decision, we do not believe it had the requisite finality. However, because we may base our affirmance on any ground finding support in the record, Wolchuck v. Bowen, 871 F.2d 869, 874 n. 8 (9th Cir.1989), we do not believe the district court's dismissal for lack of subject matter jurisdiction was in error. We find that the EEOC's November 24, 1986 decision was final and that Evans failed to timely file a civil action after receipt of that decision. The district court was correct in dismissing Evans' claim based on the denial of his reassignment request for lack of jurisdiction.
 
 3. Fitness-for-Duty Examination
 
 11
 Evans' final argument, raised for the first time in this appeal, charges that the Postal Service has a continuing policy of discriminating against handicapped persons in the conduct of its fitness-for-duty examinations.
 
 
 12
 This claim lacks merit. We will not consider an argument involving questions of fact on appeal if it was not raised below. Turner v. McMahon, 839 F.2d 1003, 1008 (9th Cir.1987), cert. denied, --- U.S. ----, 109 S.Ct. 59 (1988); Abex Corp. v. Ski's Enterprises, Inc., 748 F.2d 513, 516 (9th Cir.1984). Evans' argument presents us with the factual question whether the Postal Service has a policy of discriminating against handicapped persons. Because no evidence of such a policy can be found in the record, we will not consider this argument on appeal.
 
 CONCLUSION
 
 13
 The district court's order dismissing Evans' complaint for lack of subject matter jurisdiction is hereby AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument pursuant to Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3