**Mary Ann SMITH, Plaintiff,**

v.

**Manuel LUJAN, as U.S. Secretary of the Interior, and the School Boards for the B.I.A. Boarding Schools at Tuba City, Arizona, and Lukachukai, Arizona, Defendants.**

**No. CIV 90–230 PCT RCB.**

United States District Court, D. Arizona.

Aug. 19, 1991.

---

Richard M. Grimsrud, Flagstaff, Ariz., for plaintiff Mary Ann Smith.

James C. Hair, Jr., Asst. U.S. Atty., Phoenix, Ariz., for defendant Manuel Lujan.

C. Benson Hufford, Hufford, Horstman, McCullough & Mongini, P.C., Flagstaff, Ariz., for defendants School Boards for B.I.A. Boarding Schools at Tuba City, Ariz., and Lukachukai, Ariz.

## ORDER

BROOMFIELD, District Judge.

Plaintiff moved for summary judgment. Defendants, Secretary Lujan, the Tuba City School Board and the Lukachukai School Board cross-moved for summary judgment. The court heard oral argument on June 24, 1991 and now rules.

## I. FACTS

Plaintiff, Mary Ann Smith, is a female member of the Navajo Tribe. She was employed by the Office of Indian Education ("OIE"), Bureau of Indian Affairs ("BIA"), United States Department of the Interior from 1965 through 1976, at a BIA Boarding School in Holbrook, Arizona. From 1976 through 1982, Ms. Smith was employed in the Navajo Teacher Corps Project, through Northern Arizona University.

Ms. Smith was reemployed by the BIA at the Tuba City Boarding School as a Home-living Specialist for the school year commencing in September 1982. This position is a contract education position. Ms. Smith's employment contract for this position was renewed each of the subsequent school years through the end of the 1987–88 school year, but was not renewed for the 1988–89 school year.

On February 2, 1988, at the Tuba City School Board meeting, the board voted not to renew Ms. Smith's employment contract for the 1988–89 school year. Principal, Jerry Diebel, notified Ms. Smith by letter on February 3, 1988 of the decision. On March 2, 1988, Ms. Smith's attorney, at the time, protested Mr. Diebel's failure to appeal the non-renewal, pursuant to 25 C.F.R. § 38.6. Exhibit 5, Lujan's Statement of

Facts ("SOF"). At the April 18, 1988 School Board meeting, Ms. Smith appeared without her attorney and advocated the renewal of her contract. However, the School Board voted to adhere to its February 2, 1988 decision not to renew her contract. A November 18, 1989 letter from Ms. Smith to BIA Equal Employment Opportunity ("EEO") Counselor Fred Ritchart stated that Ms. Smith and her attorney Richard Grimsrud had been unsuccessful in contacting him in the eleven months subsequent to the non-renewal of Ms. Smith's contract and that she was "still determined to have [her] case be investigated as soon as possible." Exhibit 8, Lujan's SOF ..

In January 1989, Ms. Smith entered into an education employment contract with the Chinle Agency of the BIA OIE, to serve as Department Head, Academic, at the BIA Boarding School at Lukachukai, Arizona for the period of February 1 to June 9, 1989. Her appointment may have been renewed for subsequent years but was "subject to the completion of a 3 year probationary period." "Notification of Personnel Action," Exhibit 12, Lujan SOF. On April 7, 1989, Lukachukai Boarding School Principal Larry Tsosie informed Ms. Smith that the Lukachukai School Board had met on April 3, 1989 and voted not to renew her contract for the 1989–90 school year. Ms. Smith protested the nonrenewal of her contract in an April 12, 1989 letter to the Director of the Navajo Area School Board Association, with a copy to the Chinle Agency Superintendent for Education. In an April 19, 1989 memorandum, the Superintendent informed Principal Tsosie that his notice to Ms. Smith was after expiration of the 60 day minimum advance notice of nonrenewal to which Smith was entitled and that, therefore, her contract must be renewed. Exhibit 15, Lujan SOF. In an April 21, 1989 memorandum, and in a follow-up April 27, 1989 memorandum, Ms. Smith was informed of the contract renewal-nonrenewal procedures and that, at her request, she could meet with the School Board at the upcoming meeting. At the April 28, 1989 informal hearing, the School Board informed Ms. Smith of the reasons for the nonrenewal of her contract and her

presentations by Ms. Smith and on her behalf. On May 5, 1989, the School Board informed Ms. Smith that it would adhere to its original decision and not renew her contract.

However, in a June 5, 1989 memorandum the Superintendent again instructed the Principal to inform the School Board that all contract nonrenewal notices sent out April 7, 1989 violated the law and, therefore, the contract nonrenewals must be rescinded and that each employee involved, including Ms. Smith, was to be informed of the decision. Principal Tsosie then took the necessary steps and renewed Ms. Smith's contract for the period of August 14, 1989 through June 8, 1990.

In a June 30, 1989 memorandum, Principal Tsosie informed Ms. Smith that the School Board refused to sign her contract for the 1989–90 school year and that the Board had appealed the Superintendent's decision. In an October 11, 1989 letter, the Superintendent explained to the Board that because of the failure to notify Ms. Smith about the nonrenewal of her contract within the time required by law, her contract had to be renewed for the 1989–90 school year.

The following year, in a March 13, 1990 letter, Principal Tsosie informed Ms. Smith that her contract would not be renewed for the 1990–91 school year. Ms. Smith then notified the Superintendent that she was disputing that nonrenewal and requested a hearing with the Board, in a March 15, 1989 letter. The School Board afforded Ms. Smith an informal hearing at its April 10, 1990 meeting, at which she and her attorney appeared and presented testimony. In a May 14, 1990 memorandum, Principal Tsosie informed Ms. Smith that the School Board voted on April 10, 1990 to reaffirm the nonrenewal of her contract. Ms. Smith's employment at Lukachukai Boarding School ended on June 9, 1990. Ms. Smith then obtained a job as Principal of the Tsaile Elementary School beginning in August 1990.

In February 1990, Ms. Smith filed this lawsuit, seeking, *inter alia*, declaratory and injunctive relief, back pay and reim-

bursements and $250,000 for mental distress for the alleged wrongful termination of her employment contract with the Tuba City Boarding School. In June 1990, plaintiff amended her complaint, adding allegations concerning the alleged wrongful termination of her employment contract with Lukachukai Boarding School and increased her damage claim for mental distress to $500,000.

## II. DISCUSSION

### A. *Summary Judgment Standard*

To grant summary judgment, the court must hold that the record clearly establishes "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c). In determining whether to grant summary judgment, the facts and inferences from these facts are viewed in the light most favorable to the non-moving party and the burden is placed on the moving party to establish both that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–88, 106 S.Ct. 1348, 1355–57, 89 L.Ed.2d 538, 551–53 (1986). The moving party may discharge this burden by showing that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265, 279 (1986). The party opposing a motion for summary judgment cannot rest upon mere allegations or denials of the pleadings, but must set forth specific facts demonstrating a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–52, 106 S.Ct. 2505, 2509–12, 91 L.Ed.2d 202, 211–14 (1986).

The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. *Anderson*, 477 U.S. at 247–48, 106 S.Ct. at 2509–10, 91 L.Ed.2d at 211. A material fact is any factual issue that might affect the outcome of the case under the governing substantive law. *Id.* at 248, 106 S.Ct. at 2510, 91 L.Ed.2d at 211. A material fact is genuine if the evidence is such that a reasonable jury could return a verdict of the non-moving party. *Id.* at 248, 106 S.Ct. at 2510, 91 L.Ed.2d at 211–12.

[I]f the factual context makes the non-moving party's claim *implausible*, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). No longer can it be argued that any disagreement about a material issue of fact precludes the use of summary judgment.

*California Architectural Building Products, Inc. v. Franciscan Ceramics*, 818 F.2d 1466, 1468 (9th Cir.1987) (Emphasis in original).

At the summary judgment stage, the trial judge's function is to determine whether there is a genuine issue for trial. There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. *Anderson*, 477 U.S. at 249–50, 106 S.Ct. at 2511, 91 L.Ed.2d at 212. If the evidence is merely colorable or is not significantly probative, the judge may grant summary judgment. *Id.*

### B. *Analysis*

Plaintiff moves for summary judgment, arguing that (1) the Western Navajo Agency's Employee Handbook was part of her employment contract and that the Tuba City School Board violated that contract; (2) the nonrenewal of her Tuba City contract terminated her property interest without due process; and (3) the nonrenewal of her Lukachukai school contract was in retaliation for her grievances concerning her Tuba City employment. Defendants respond to plaintiff's arguments and cross-moved for summary judgment. As the cross-motions involved jurisdictional problems, the court will first address these issues.

1. Defendant Lujan's Cross–Motion

a. *Title VII Exclusivity and Failure to Exhaust Administrative Remedies*

The government argues that Title VII is plaintiff's exclusive remedy and that the court lacks subject matter jurisdiction, as plaintiff has failed to properly exhaust administrative remedies, as required, concerning claims against both the School Boards.[1]

In *Brown v. General Services Administration*, 425 U.S. 820, 836, 96 S.Ct.1961, 1969, 48 L.Ed.2d 402 (1976), the United States Supreme Court held that 42 U.S.C. § 2000e–16, § 717 of the 1964 Civil Rights Act, which extends Title VII protection to federal employees, is "the exclusive judicial remedy for claims of discrimination in federal employment." The Ninth Circuit has found that Title VII (or § 717) is the exclusive judicial remedy for claims, whether based upon a statute or the Constitution, whose factual predicate is the discrimination involved in the § 717 claim. *See e.g., Jordan v. Clark*, 847 F.2d 1368, 1375–76 (9th Cir.1988) (Plaintiff's retaliation claim was part of her Title VII action); *Nolan v. Cleland*, 686 F.2d 806, 814–15 (9th Cir. 1982) (Court upheld District Court's determination to strike plaintiff's due process claim because the factual predicate was the same for the Title VII discrimination claim). Title VII, however, "does not preclude separate remedies for 'unconstitutional action other than discrimination.'" *Otto v. Heckler*, 781 F.2d 754, 756 (9th Cir.1986) (Plaintiff's claim of harassment was remediable under Title VII and, therefore, not separately actionable as constitutional claims) (quoting *White v. General Services Administration*, 652 F.2d 913, 917 (9th Cir.1981)).

Plaintiff's First Cause of Action in the Amended Complaint, entitled "Employment Discrimination & Reprisal for Opposing it," alleges discrimination by the BIA Western Navajo Agency and the Tuba City School Board, in violation of Title VII, 42 U.S.C. § 2000e–16, and reprisal for opposing the discriminatory practices, in violation of 42 U.S.C. § 2000e–3(a). Obviously, this is the central discrimination claim. The Second Cause of Action, "Termination of government employment without Due Process," alleges that plaintiff's Fifth Amendment rights were violated because she was "terminated without good cause and without being afforded a due-process opportunity." Amended Complaint, ¶ 16. Finally, plaintiff's third claim, "Breach of Contract and Wrongful Discharge," argues that defendants violated provisions contained in the Employee Handbook.

■ The court finds that plaintiff's other claims, breach of contract and violation of due process rights, are precluded by the remedial provisions of Title VII. The factual predicate for all claims of plaintiff's complaint concern the alleged discrimination and accompanying retaliation for her grievances concerning the discrimination and her aid of another alleged discrimination victim. All of plaintiff's claims seem to be predicated on the allegation that defendants wanted to discriminate against her because she is a female Navajo. *Brown* mandates that plaintiff's exclusive remedy for her complaints is Title VII.

In order to maintain a discrimination claim under Section 717, pursuant to subsection (c), plaintiff must exhaust her administrative remedies before filing suit.

> Within thirty days of receipt of notice of final action taken by a department ... or by the Equal Employment Opportunity Commission upon an appeal from a decision ... of such department ... on a complaint of discrimination based on race, color, religion, sex, or national origin ... or after one hundred and eighty days from the filing of the initial charge with the department ... or with the Equal Employment Opportunity Commission on appeal from a decision ... of such department ... until such time as final action may be taken by a department ... an employee ... if aggrieved by the final action on his complaint, may

---

**1.** Defendants, the Tuba City School Board and the Lukachukai School Board, filed separate cross-motions for summary judgment. Both motions argue, *inter alia*, that the court lacks subject matter jurisdiction due to plaintiff's failure to exhaust administrative remedies.

file a civil action as provided in section 2000e–5 of this title....

42 U.S.C. § 2000e–16(c).

Defendants argue that plaintiff has not exhausted the administrative process. The Department's EEO complaint procedures are located in 16 C.F.R. Part 1613.211 through .282. The regulations require the employee to contact a BIA EEO counselor within 30 days of the alleged discriminatory action and that the parties attempt an informal resolution process. The employee may then file a formal written complaint, which may be accepted or rejected. Next, the employee may, in certain instances, appeal to the EEOC or file a civil action within 30 days of receipt of notice of final action or after 180 days from the filing of a complaint with the agency or appeal to the EEOC if there has been no decision.

■ The only evidence in the record is Ms. Smith's November 18, 1989 letter to the BIA EEO counselor, stating that she and Mr. Grimsrud had been unsuccessful in attempting to contact the counselor. This letter is obviously not a valid EEO complaint and cannot be construed as an attempt to participate in the administrative process. In her response, plaintiff also alleges, for the first time, that when she tried to contact the EEO official, she was wrongly told that she could not file a discrimination complaint. Smith Affidavit, Exhibit A, Plaintiff's SOF in Opposition to Defendants' Cross–Motions.

Plaintiff responds that the purpose of the exhaustion requirement, which allows the parties to informally settle the dispute, has been satisfied and her "inability" to exhaust the administrative remedies "should be excused." Plaintiff's Response to Cross Motions at 4. Although plaintiff cites authority where courts have liberally construed the administrative process requirements, plaintiff offers no authority that excuses her failure to even attempt to exhaust her administrative remedies.

Moreover, plaintiff's single excuse for her failure is insufficient. Plaintiff belatedly, in an affidavit with the response to the cross-motions, mentions that she had

been told by a BIA EEO official that she could not file a discrimination claim because she was a supervisory official. Although she states that she did not have counsel in early 1988, in a March 1988 letter she was represented by attorney, Dale Itschner. More importantly, she had worked for the BIA for over ten years under EEO procedures governing the filing of discrimination complaints. In fact, Ms. Smith did not write the EEO Counselor until 19 months after the Tuba City School Board rendered the final decision not to renew her contract. The court finds that plaintiff's self-serving, belated affidavit is insufficient to defeat summary judgment. *See Anderson,* 477 U.S. at 247–48, 106 S.Ct. at 2509–10, 91 L.Ed.2d at 211. Plaintiff's late affidavit fails to present colorable or probative evidence.

Thus, the court finds that plaintiff's claims are predicated upon the underlying complaint of discrimination. Section 717 is, therefore, plaintiff's exclusive remedy. *See Brown,* 425 U.S. at 836, 96 S.Ct. at 1969, 48 L.Ed.2d at 413. Moreover, plaintiff has failed to exhaust her administrative remedies concerning her discrimination claim prior to filing the suit. 42 U.S.C. 2000e–16. Therefore, the court lacks subject matter jurisdiction and plaintiff's complaint must be dismissed.[2] *See Mahoney v. United States Postal Service,* 884 F.2d 1194, 1196 (9th Cir.1989).

b. *Plaintiff's Constitutional Claim of a Protected Property Interest*

Plaintiff's second claim involves the allegation of an unconstitutional taking of plaintiff's protected property interest in her employment. Defendants maintain that plaintiff does not have a protected property interest in her continued employment at Tuba City Boarding School.

Property interests are created and defined by "existing rules or understandings," stemming from independent sources, such as state law. *Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). In *Volk v. Hobson,* 866 F.2d 1398 (Fed.Cir.), *cert. denied,* 490 U.S. 1092, 109 S.Ct. 2435, 104 L.Ed.2d 991 (1989), cited

**2.** Although the court lacks jurisdiction, it will address the parties' alternative arguments.

by defendants, the court held that BIA education contract employees who are discharged have no private right of action under federal statutes governing the discharge of BIA educators, even if the termination is alleged to have violated the employees' constitutional rights. The court held that statutory civil service remedies were definitive. *Id.* at 1400–04.

Plaintiff, in this instance, was a contract employee. She was not discharged for cause; rather, her contract was not renewed. Under the effective regulations, employees were entitled to due process for challenging discharges for cause. 25 C.F.R. § 38.7(d). Contract employees were to be notified 60 days before the end of the school year whether their contract was to be renewed, but "[n]onrenewal of a contract will not have the effect of a discharge for cause." 25 C.F.R. § 38.10(c).[3]

█ Plaintiff's response reiterates her argument that the Employee Handbook in effect was a "common source for the 'rules or understanding' which give employees a protectable [sic] property interest in their jobs.'" Plaintiff's Response to Cross–Motions at 10. The court will discuss this argument in the following section concerning plaintiff's motion for summary judgment. However, the Employee Handbook does not convey a "legitimate claim of entitlement" to the renewal. *See Roth,* 408 U.S. at 577, 92 S.Ct. at 2709, 33 L.Ed.2d at 561. Under applicable federal law, plaintiff did not have a protected property interest in her continued employment at the Tuba City school. Therefore, plaintiff's second claim requires dismissal for the additional reason that she did not have a protected property interest and defendants did not violate her constitutional rights.

### 2. Plaintiff's Motion for Summary Judgment

#### a. *Employee Handbook*

Citing Arizona law, plaintiff maintains that the Western Navajo Agency's "Em-

ployee Handbook" became part of plaintiff's employment contract. *See Wagenseller v. Scottsdale Memorial Hospital,* 147 Ariz. 370, 710 P.2d 1025 (1987). Plaintiff alleges that both schools' contract nonrenewals violated the mandates of the Handbook and, therefore, breached plaintiff's employment contract.

The Handbook states that education contracts:

> *are renewable* each year unless there are: a) budget limitations which would cause the cancellation of certain positions; b) documented failure by the employee to meet required performance standards; or c) disciplinary removal through an adverse action procedure.

(emphasis added). The Forward also provides:

> This document consists of general information compiled from laws, rules, regulations and policies administered by the Office of Personnel Management (OPM), Department of the Interior, the Bureau of Indian Affairs and other Federal Agencies. The language herein does not and cannot supersede those official sources.

Clearly, the Handbook does not supersede applicable BIA rules and regulations and other federal laws.

Defendants also argue that the Handbook language does not mandate renewal, but simply suggests that contracts *may* be renewed. "Renewable" means that Ms. Smith's contract could have been renewed. Moreover, as described above, plaintiff was a contract employee and applicable federal regulations provided for contract nonrenewal when certain procedures were met as they were in Ms. Smith's situation. Plaintiff counters that "renewable" means "must be renewed" and states that defendant's "interpretation" is contrary to blackletter contract law.

---

**3.** In September 1988, the regulations governing contract renewal were amended. Education contract employees with three full continuous school years of service, were afforded 60 days advance notice, the reasons for the nonrenewal, and an opportunity for an informal hearing. 25 C.F.R. § 38.8 (1989 and 1990). Plaintiff was afforded these procedures with respect to the nonrenewal of her Lukachukai school contract.

Defendant also argues that if the court finds that plaintiff has a valid breach of contract claim, the Tucker Act, 28 U.S.C. § 1491, mandates that the Claims Court has exclusive jurisdiction for claims for damages in excess of $10,000 based upon express or implied contracts with the United States. Plaintiff counters that her other claims—due-process and employment discrimination—are not cognizable in the Claims Court and that Ninth Circuit case law rejects defendants' arguments. Plaintiff cites *Bedoni v. Navajo–Hopi Indian Relocation Commission*, 878 F.2d 1119 (9th Cir.1989), which refers to a particular provision of the Navajo and Hopi Indian Relocation Amendments of 1988, and is inapplicable in to this case. Plaintiff also cites *Marshall Leasing, Inc. v. United States*, 893 F.2d 1096, 1098–1100 (9th Cir. 1990), where the court upheld the District Court's jurisdiction when the Claims Court had previously refused to hear due process claims against forfeitures.

Defendant maintains that plaintiff's real goal is to recoup $17,765.88 in lost wages from Tuba City School and $1,740 in lost unemployment compensation from the Lukachukai School. Therefore, only the Claims Court has jurisdiction over her contract claim.

The court finds that the Handbook provisions do not mandate, as plaintiff maintains, that her contracts were to be renewed. First, the Forward's language clearly states that the applicable BIA rules and regulations supersede any contradictory Handbook provisions. Second, the court reads the language at issue as meaning that the contract *will* be renewed, barring any contingency. Thus, the language does not require renewal, but suggests it. Moreover, logic dictates that the language would not compel renewal in all but three cases. Plaintiff would not be entitled to summary judgment on her first claim.

b. *Lukachukai School Nonrenewal*

Plaintiff argues that the nonrenewal by the Lukachukai School Board was in retaliation for her Tuba City School grievances, as the reasons provided to plaintiff at the time all occurred after the Lukachukai Board had first proposed not to renew her contract, except for one stated reason concerning her EEO complaint. Plaintiff claims that the Board's only reason was the prior EEO grievance and that, therefore, the nonrenewal should be considered unlawful retaliation.

The Lukachukai School Board responded to plaintiff's argument. The Board states that plaintiff mischaracterizes the Board's explanation. One of the reasons for the nonrenewal was that "her pending grievance against another agency *was not revealed* to the Board when she was interviewed and hired." Exhibit "A–1," Plaintiff's Amended Complaint (emphasis added).

■ Although the court has previously found that it lacks jurisdiction over plaintiff's claims, plaintiff would not be entitled to summary judgment on her third claim. First, plaintiff's nonrenewal clearly involved her failure to disclose her pending grievance. Second, the other stated reasons do not clearly relate to any specific time period and, therefore, the court cannot find that they occurred after the first nonrenewal proposal.

3. The School Boards' Cross Motions

a. *The Boards as Proper Defendants*

■ Both School Boards filed separate motions for summary judgment, adopting the government's arguments and arguing that the Boards are not proper defendants as they are only empowered to make recommendations and that final authority over employment decisions rests with the Agency Superintendent for Education. The Superintendent along with the Board School Supervisor have broad authority to administer Indian education programs. The Supervisor has the authority to hire and fire educators. 25 U.S.C. § 2011(d) and (e). The Supervisor must consult with the School Board, but the Board's powers are narrowly limited. Furthermore, defendants contend, that the school board merely recommends appointment or discharge of an employee. Section 2011(e) states:

Except as expressly provided, nothing in this section shall be construed as conferring on local school boards, authority over, or control of, educators.

28 U.S.C. § 2011(e).

There is no doubt that the federal government, through the Bureau of Indian Affairs, is a proper defendant in this action, as it has ultimate responsibility. Although the School Boards appear not to be proper parties for the contract claims as plaintiff's contracts were apparently with the Office of Indian Education Programs of the BIA, defendants, however, fail to point to any authority that precludes School Board liability any other claims. *See, e.g., Ellis v. United States Postal Service,* 784 F.2d 835, 838 (7th Cir.1986) (Postmaster General was the proper defendant for an age discrimination claim, rather than the Postal Service).

### b. *Service on the Lukachukai Board*

■ Defendant argues that service on the Board was improper, as the summons and complaint was left at the Board President's place of work. Fed.R.Civ.P. 4(d) does not provide for proper service by leaving process at a person's place of work. Moreover, plaintiff has failed to demonstrate "good cause" for the failure to properly serve.

Plaintiff's response maintains that defendants suffered no prejudice by the deficiency in service. Plaintiff seeks an extension of time until August 1, 1991 to effect full service, and has separately filed a motion to that effect.

This issue is obviously moot and the court declines to address it.

### C. *Tuba City School Board's Motion to Amend Answer*

Also pending before the court is defendant, Tuba City School Board's Motion to Amend its Answer. It was not noticed for hearing.

Defendant seeks to amend its answers to paragraphs 19 and 20 of plaintiff's Complaint. Paragraph 19 quotes from the Employee Handbook and alleges that employees "had an expectancy that their contracts would be renewed" if the listed conditions were met. Paragraph 20 alleges that the particular provision of the Handbook became part of plaintiff's contract as a matter of law.

Although defendant originally admitted the paragraphs, it now seeks to deny them. Defendant maintains that the amendment will conform with the answers filed by defendant, Lukachukai School Board. Moreover, defendant asserts that the admissions were incorrect. Finally, it argues that discovery is in the beginning stages and plaintiff would not be prejudiced.

Plaintiff responds, arguing that under Arizona law the Handbook *"can* become part of the employment contract." Response at 2 (emphasis added).

Again, this issue is moot. Moreover, the court previously found that the Handbook provisions do not control. *See supra.*

IT IS ORDERED granting defendants' motions for summary judgment (Doc. ## 44, 45 and 47), denying plaintiff's motion for summary judgment (Doc. # 41), and dismissing plaintiff's cause and action.

IT IS FURTHER ORDERED denying, as moot, defendant's motion to amend answer (Doc. # 37) and plaintiff's motion to extend time to serve (Doc. # 54).