1 F.3d 1248
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Robert WRIGHT, Plaintiff-Appellant,
v.
UNITED AIRLINES, INC., Defendant-Appellee.
 No. 92-15377.
 United States Court of Appeals,
Ninth Circuit.
 Submitted Jan. 27, 1993.*
 Withdrawn July 1, 1993.
 Decided July 1, 1993.
 
 Before: REINHARDT, HALL, and LEAVY, Circuit Judges.
 
 ORDER
 
 1
 Appellant's petition for rehearing is GRANTED. The memorandum filed in this case on February 3, 1993 is withdrawn. Concurrent with this order, we file a memorandum.
 
 
 2
 MEMORANDUM**
 
 
 3
 Robert Wright appeals pro se from the district court's entry of summary judgment in favor of United Airlines (United) in Wright's employment discrimination action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e et seq. Wright contends that the district court erroneously found that the voluntary withdrawal of his first charge of employment discrimination barred his suit. Wright had received a right-to-sue letter from the Equal Employment Opportunity Commission (EEOC) in connection with a second complaint alleging that his supervisor retaliated against him for filing the first complaint. We have jurisdiction under 28 U.S.C. Sec. 1291 and we affirm in part, reverse in part and remand.
 
 
 4
 We review de novo the district court's grant of summary judgment. EEOC v. Local 350, Plumbers and Pipefitters, 982 F.2d 1305, 1307 (9th Cir.1992).
 
 
 5
 Before filing an action in federal court under Title VII, a private litigant must first file a complaint with the EEOC. 42 U.S.C. Sec. 2000e-5; Stache v. Int'l Union of Bricklayers, 852 F.2d 1231, 1233 (9th Cir.1988), cert. denied, 493 U.S. 815 (1989). Charges before the EEOC are to be construed liberally, but an employee may not bring suit for incidents not listed in his EEOC charge unless they are "like or reasonably related to the allegations of the EEOC charge." Id. at 1233-34 (internal quotations omitted). "To withdraw is to abandon one's claim, to fail to exhaust one's administrative remedies." Rivera v. U.S. Postal Service, 830 F.2d 1037, 1039 (9th Cir.1987), cert. denied, 488 U.S. 1009 (1988) (federal employee who opts to pursue administrative remedies can not then "cancel" administrative proceedings and file court action). Title VII places primary responsibility for enforcement of employment discrimination suits with the EEOC, Stache, 852 F.2d at 1233, and "an administrative exhaustion rule is meaningless if claimants may ... abandon the administrative process and yet still be heard in the federal courts," Vinieratos v. United States, 939 F.2d 762, 772 (9th Cir.1991).
 
 
 6
 Here, Wright filed his first charge with the EEOC on February 23, 1989, alleging specific acts of discrimination based on race. The EEOC began investigation of this complaint. On July 12, 1989, Wright filed a second charge with the EEOC, alleging that he had been wrongly denied sick time and unfairly disciplined in retaliation for having filed the first EEOC complaint. Wright voluntarily withdrew his first complaint to the EEOC on March 1, 1990, and the EEOC terminated its investigation on those charges on March 8, 1990 without reaching a final conclusion or issuing a right-to-sue letter. Subsequently, the EEOC issued a final determination and right-to-sue letter in Wright's second charge, finding that (1) the sick-leave issue had been resolved and was moot, and (2) there was no retaliatory connection between the alleged unfair disciplinary action and Wright's first complaint.
 
 
 7
 Wright then timely filed this action in the district court on August 7, 1991. Although he attached the right-to-sue letter issued in response to his second EEOC charge, his complaint listed the allegations from his first EEOC charge, which he had withdrawn prior to resolution, and other charges which had never been raised before the EEOC. As those allegations were not investigated by the EEOC in response to Wright's second charge, they were not covered by the right-to-sue letter. See Stache, 852 F.2d at 1234. Wright cannot litigate in federal court those charges which he voluntarily withdrew from investigation by the EEOC. See Rivera, 830 F.2d at 1039.
 
 
 8
 However, Wright may litigate claims of retaliation that are "reasonably related" to the allegations in his second EEOC charge. In a document labelled "Request For Appointment of Counsel," which is attached to and was filed with a document labelled "Employment Discrimination Complaint" in commencing this action, Wright alleges that his foreman stormed his work area and threatened retaliation for his first EEOC charge. Wright further alleges that the foreman later wrote him up for not turning in some keys a year earlier. These allegations are related to Wright's second EEOC charge.
 
 
 9
 Although they appear in a separate attachment labelled "Request for Appointment of Counsel," we nonetheless consider these allegations as part of Wright's pro se complaint. Cf. Mahoney v. United States Postal Service, 884 F.2d 1194, 1196 (9th Cir.1989) (attachment to pro se Title VII complaint naming correct defendant may save action from dismissal for failure to name proper defendant); Rice v. Hamilton Air Force Base Commissary, 720 F.2d 1082, 1084-85 (9th Cir.1983) (request for counsel that includes description of claim tolls limitations period despite failure to label filing a "complaint").
 
 
 10
 Accordingly, the district court erred in granting summary judgment to defendant. Although his claims of racial discrimination raised and abandoned in his first EEOC charge are not properly a part of this action, Wright is entitled to pursue his claims of retaliation. We thus affirm summary judgment as to the claims of racial discrimination but reverse as to the retaliation claims. We remand for proceedings consistent with this memorandum.
 
 
 11
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3