Fred KNOX, Plaintiff–Appellant,

v.

William J. HENDERSON; * et al., Defendants–Appellees.

No. 00–17245, 00–17253, 00–17287.

D.C. Nos. CV–98–0796–JL CV–99–1527–JL CV–99–4675–JL.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 17, 2001 **.

Decided Dec. 27, 2001.

---

*** Our disposition makes it unnecessary for us to address the issues of equitable tolling or equitable estoppel.

* Pursuant to Fed. R.App. P. 43(c)(2), Postmaster General William J. Henderson has been substituted as an appellant for former Postmaster General Marvin Runyon.

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, appellant's request for oral argument is denied.

Before SCHROEDER, Chief Judge, TROTT and PAEZ, Circuit Judges.

### MEMORANDUM \*\*\*\*

Fred Knox appeals pro se the district court's dismissal of his action alleging race and sex discrimination against numerous defendants, including the U.S. Postal Service, the Equal Employment Opportunity Commission ("EEOC"), and a labor union. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

■ The district court properly concluded that no cause of action exists against the individual postal employees for violations of Title VII. *See* 42 U.S.C. § 2000e-16(c); *Mahoney v. United States Postal Service*, 884 F.2d 1194, 1196 (9th Cir.1989) (recognizing that the only proper Title VII defendant is the head of the agency in which the alleged discrimination occurred).

Because Knox failed to timely and properly serve defendant Postmaster General and did not show good cause for the failure, the district court did not abuse its discretion in dismissing the Title VII cause of action. *See* Fed.R.Civ.P. 4(m), 4(i); *see also Boudette v. Barnette*, 923 F.2d 754, 755–56 (9th Cir.1991).

■ The district court properly dismissed Knox's 42 U.S.C. § 1981, § 1985, § 1986 and 29 U.S.C. § 158 claims against the postal service. *See White v. General Services Admin.*, 652 F.2d 913, 916–17 (9th Cir.1981) (holding that Title VII action against federal government provides the exclusive remedy for a federal employment discrimination action).

The union defendants were properly dismissed because Knox failed to exhaust administrative remedies as to the Title VII claim, *see Stache v. Int'l Union of Bricklayers*, 852 F.2d 1231, 1233–34 (9th Cir. 1988), failed to present evidence of a breach of the duty of fair representation, *see Peterson v. Kennedy*, 771 F.2d 1244, 1253–55 (9th Cir.1985) and failed to present evidence of § 1985 violations, *see Dooley v. Reiss*, 736 F.2d 1392, 1395–96 (9th Cir.1984). Without a valid section 1985 claim, the section 1986 must also fail. *See Karim–Panahi v. Los Angeles Police Dep't.*, 839 F.2d 621, 626 (9th Cir.1988).

The district court properly dismissed the action against defendants EEOC and Player, an EEOC administrative law judge, for failure to state a claim. *See Ward v. EEOC*, 719 F.2d 311, 313–14 (9th Cir.1983) (recognizing no cause of action against the EEOC by employees of third parties).

---

\*\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

The district court did not abuse its discretion in denying Knox's request for discovery. *See H2O Houseboat Vacations Inc. v. Hernandez*, 103 F.3d 914, 917 (9th Cir.1996).

Because his case does not present exceptional circumstances on appeal, we deny Knox's request for appointment of counsel. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir.1991).

Knox's motion to supplement the record is denied.

Knox's remaining contentions lack merit.

AFFIRMED.