804 F.Supp. 1160 (1992)
Beverly Jean TRAVIS, Plaintiff,
v.
Anthony M. FRANK, Postmaster General, Defendant.
No. 91-1070-C (5).
United States District Court, E.D. Missouri, E.D.
October 23, 1992.
*1161 Gerard T. Noce, Evans and Dixon, St. Louis, Mo., for plaintiff.
Wesley D. Wedemeyer, Office of U.S. Atty., St. Louis, Mo., Pamela J. Garrett and R. Andrew German, Office of Labor Law, Washington, D.C., for defendant.

*1162 MEMORANDUM
LIMBAUGH, District Judge.
This matter is before the Court upon defendant's motion to dismiss all of plaintiff's claims, except for her claims of race and sex discrimination under Title VII, for lack of jurisdiction, or in the alternative, motion for summary judgment. Plaintiff opposes defendant's motion to dismiss and motion for summary judgment, or in the alternative, moves to continue or deny defendant's motion for summary judgment in order to depose plaintiff's supervisors.
Plaintiff Beverly Travis, a mailhandler for the United States Postal Service, alleges that the Postal Service discriminated against her race and sex and improperly issued her three Notices of Removal in retaliation for plaintiff's filing EEO complaints. She also alleges that the Postal Service discriminated against her race in violation of 42 U.S.C. § 1981; violated her First and Fifth Amendment constitutional rights; failed to follow contractual procedures on progressive discipline in violation of the National Labor Relations Act (NLRA); and discriminated against her sex and race and retaliated against her for filing complaints in violation of the Missouri Human Rights Act (MHRA). Defendants allege that defendant was removed because she left her assignment without permission on August 26, 1989; she failed to maintain a regular work schedule which resulted in charges of Absence Without Leave (AWOL); and she was insubordinate with a supervisor.
Plaintiff was issued one Notice of Removal on August 30, 1989 and two Notices of Removal on October 17, 1989. On January 9, 1990, plaintiff's union settled her notices of removal through the grievance procedure at Step 3. All three of her removals were purged and she was restored to duty with no back pay, provided that she did not commit similar infractions during a one year period. Plaintiff returned to work on January 12, 1990 and presently works at the Postal Service.

I. Plaintiff's Motion to Continue or Deny Defendant's Motion for Summary Judgment.
Plaintiff moves this court to continue or deny defendant's motion for summary judgment pursuant to Fed.R.Civ.Pro. 56(f) so that plaintiff may have the opportunity to depose plaintiff's supervisors and co-workers. Federal Rule of Civil Procedure 56(f) provides:
(f) When Affidavits are Unavailable. Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for summary judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.
Fed.R.Civ.Pro. 56(f).
Plaintiff's counsel was appointed to represent plaintiff approximately two and one half months prior to defendant's motion to dismiss, or in the alternative, motion for summary judgment. Plaintiff's counsel states in a separate affidavit that he has not had time to depose plaintiff's coworkers or supervisors. Given that plaintiff has argued that plaintiff's supervisors' actions were pretextual, motive and intent will be an important element of plaintiff's case. Thus, it is the opinion of this Court that plaintiff's motion to deny defendant's motion for summary judgment pursuant to Fed.R.Civ.Pro. 56(f) should be granted in order to allow plaintiff sufficient time to depose her supervisors and coworkers.

II. Defendant's Motion to Dismiss

A. Standard for Dismissal
In passing on a motion to dismiss, a court must view the facts alleged in the complaint in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957); Toombs v. Bell, 798 F.2d 297, 298 (8th Cir.1986). The court should not grant a motion to dismiss merely because the complaint does not state with precision every element of the *1163 offense necessary for recovery. 5 Wright & Miller, Federal Practice and Procedure: Civil, Sec. 1216 at 120 (1969). A complaint is sufficient if it contains "allegations from which an inference can be drawn that evidence on these material points will be introduced at trial." Id. at 122-123. Moreover, a court should not dismiss a complaint unless it "appears beyond a reasonable doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, supra, 355 U.S. at 45-46, 78 S.Ct. at 101-02. Thus, a motion to dismiss is likely to be granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." Fusco v. Xerox Corp., 676 F.2d 332, 334 (8th Cir.1982). With this standard in mind, the Court turns to an examination of the plaintiff's complaint.

B. Plaintiff's First Amendment Claim
Defendant argues that plaintiff's First Amendment claim should be dismissed because the comprehensive statutory scheme governing the employment of postal employees, including grievance procedures, precludes a federal employee's constitutional claims. Plaintiff argues that plaintiff's First Amendment claim should not be subject to pre-emption solely because of the Postal Service's internal remedial procedures.
Congress has established a comprehensive statutory scheme governing the employment of postal employees, which includes the creation of collective bargaining agreements providing for binding grievance procedures. 39 U.S.C. §§ 1001-1011, 1201-1209. This remedial scheme effectively precludes a federal employee's First Amendment constitutional claims. Bush v. Lucas, 462 U.S. 367, 390, 103 S.Ct. 2404, 2417, 76 L.Ed.2d 648 (1983); Maxey v. Kadrovach, 890 F.2d 73, 75-76 (8th Cir.1989).
Thus, it is the opinion of this Court that defendant's Motion to Dismiss plaintiff's First Amendment Claim should be granted because the statutory scheme enacted by Congress precludes plaintiff's First Amendment constitutional claim.

C. Plaintiff's Fifth Amendment Claim
As discussed in Section B, the comprehensive statutory scheme enacted by Congress, which includes collective bargaining agreements providing for binding grievance procedures, effectively precludes a federal employees Fifth Amendment constitutional claims. Bush v. Lucas, 462 U.S. 367, 390, 103 S.Ct. 2404, 2417, 76 L.Ed.2d 648 (1983); Maxey v. Kadrovach, 890 F.2d 73, 75-76 (8th Cir.1989); Bradley v. United States Postal Service, 832 F.2d 1061, 1062 (8th Cir.1987). Although plaintiff argues that she became a target for retaliation based on her role in a class unprotected by Title VII, the binding grievance procedures, which plaintiff is entitled to, preclude further constitutional claims.
Thus, it is the opinion of this Court that defendant's Motion to Dismiss plaintiff's Fifth Amendment constitutional claim should be granted because the statutory scheme enacted by Congress precludes plaintiff's Fifth Amendment constitutional claim.

D. Plaintiff's MHRA Claim
Defendant argues that plaintiff's MHRA Claim should be dismissed because Title VII is plaintiff's sole remedy for her race and sex discrimination and retaliation claims. Plaintiff, however, argues that plaintiff's MHRA claim is not precluded by a Title VII action.
The Eighth Circuit Court of Appeals has held that a plaintiff may bring a suit under both Title VII and state law. Swenson v. Management Recruiters Intl., Inc. 858 F.2d 1304, 1307-09 (8th Cir.1988). In Swenson, the Court noted that "[t]he legislative history of Title VII evinces a Congressional intent to allow individuals to pursue independently one's rights under other applicable state and federal statutes." Id. at 1308. The Court then went on to note that Senators Clark and Case remarked in an interpretive memorandum that "`Title VII specifically provides for the continued effectiveness of State and *1164 local laws and procedures for dealing with discrimination in employment' and that `[Title VII] will not override any State law or municipal ordinance which is not inconsistent.'" Id. at 1308, n. 11.
Since the Eighth Circuit has held that an employee may bring a suit alleging both Title VII and MHRA, that outcome should not be changed solely because the employee is a federal employee. "In 1972, Congress extended the protection of the Civil Rights Act of 1964, 78 Stat. 253, as amended, 42 U.S.C. § 2000e, et seq. (1970 ed. and Supp. IV) to employees of the Federal Government." Chandler v. Roudebush, 425 U.S. 840, 841, 96 S.Ct. 1949, 1950, 48 L.Ed.2d 416 (1976). A principal goal of the amending legislation was to eradicate "`entrenched discrimination in the Federal service' ... by strengthening internal safeguards and by according `[a]ggrieved [federal] employees or applicants ... the full rights available in the courts as are granted to individuals in the private sector under Title VII.'" Id. (citations omitted). In Chandler, the United States Supreme Court used this reasoning to extend the same right to a trial de novo to federal employees as is enjoyed by private sector employees. Id. at 864, 96 S.Ct. at 1961.
It is the opinion of this Court that this reasoning may likewise be extended to plaintiff's right to bring an MHRA claim, a right which is enjoyed at present in the Eighth Circuit by private sector and state-government employees. This will enable a federal employee to enjoy the same rights available in the courts as are granted to individuals in the private sector. Thus, defendant's motion to dismiss plaintiff's MHRA claim should be denied.

E. Plaintiff's NLRA Claim
Defendant argues that defendant's motion to dismiss plaintiff's NLRA claim should be granted because this Court does not have discretion to review the General Counsel's decision to deny plaintiff's appeal regarding her Notices of Removal and of the Union's settlement of plaintiff's discharge grievances. Plaintiff argues that judicial review is available for NLRB decisions. The Court is in agreement with plaintiff. In Vaca v. Sipes, 386 U.S. 171, 185, 87 S.Ct. 903, 914, 17 L.Ed.2d 842 (1967), the United States Supreme Court held that "[a]n obvious situation in which the employee should not be limited to the exclusive remedial procedures established by the contract occurs when the conduct of the employer amounts to a repudiation of those contractual procedures." Id. Plaintiff's Complaint alleges that the Postal Service failed to utilize incremental discipline as agreed to within the collective bargaining agreement. These allegations are arguably a situation in which the alleged conduct of the Postal Service amounts to a repudiation of the contractual procedures. Additionally, in Colorado-Ute Electric Assn., Inc. v. NLRB, 939 F.2d 1392, 1400 (10th Cir.1991), the Court of Appeals held that "the judgment of the NLRB is subject to judicial review." Id.
Thus, it is the opinion of this Court that defendant's motion to dismiss plaintiff's NLRA claim should be denied because plaintiff has alleged in her Complaint allegations which would allow for judicial review of the NLRB judgment.

F. Plaintiff's Retaliation Claim
Defendant argues that plaintiff's retaliation claim should be dismissed because plaintiff has failed to exhaust her administrative remedies. Plaintiff responds that although she may not have indicated reprisal was a basis for her complaint on her EEO Counselor request form, this issue was investigated by the EEOC and this Court should be lenient in its review of this minor filing defect.
The Final Agency Decision of plaintiff's formal EEOC complaint indicates that plaintiff filed a complaint alleging sex and race discrimination and reprisal and that all of these allegations were investigated. It appears, therefore, that plaintiff's allegations of reprisal were investigated and that she has sufficiently exhausted her administrative remedies.
Thus, it is the opinion of this Court that defendant's motion to dismiss plaintiff's reprisal claim should be denied because plaintiff's *1165 reprisal claim was investigated along with her allegations of race and sex discrimination.