**Philip COLON, Jr., Plaintiff,**

v.

**UNITED STATES POSTAL SERVICE, Defendant.**

**No. 3:98CV01572 JBA.**

United States District Court, D. Connecticut.

Aug. 19, 1999.

W. Martyn Philpot, Jr., Amy E. Johnson, Law Office of Martyn Philpot, New Haven, CT, for Philip Colon, Jr., plaintiff.

Carolyn Aiko Ikari, U.S. Attorney's Office, Hartford, Andrew L. Freeman, U.S. Postal Service, Office of Field Legal Services, Windsor, CT, for U.S. Postal Service, defendant.

## RULING ON UNITED STATES POSTAL SERVICE'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT [DOC. # 11–1, # 11–2]

ARTERTON, District Judge.

Defendant United States Postal Service moves to dismiss plaintiff's Petition for Enforcement of an administrative order issued by the Connecticut Commission on Human Rights and Opportunities on the grounds that employee discrimination claims against it are exclusively cognizable under Title VII and thus plaintiff's petition under state law fails to state a claim upon which relief can be granted. For reasons that follow, defendant's Motion to Dismiss is GRANTED.

## I. Background

Examination of the complaint reveals the following. The plaintiff filed an administrative complaint and affidavit with the Connecticut Human Rights and Opportunities Commission ("CHRO") charging the defendant with employment discrimination based upon handicap, national origin, race, and retaliation for engaging in prior EEO activity, in violation of the Connecticut Fair Employment Practices Act (CFEPA), C.G.S. §§ 46a–60, et seq.

The USPS made no formal response to the complaint and a hearing on damages was held before a CHRO Hearing Officer who issued an Order of Relief granting monetary and non-monetary damages.

Pursuant to Conn. Gen.Stat. 46a–95, plaintiff petitioned the Connecticut Superior Court for enforcement of the order and defendant removed the action to this court under 28 U.S.C. §§ 1441(a), 1442(a), 1446(a) and 39 U.S.C. § 409.

Defendant moves to dismiss plaintiff's action on the grounds that the state anti-discrimination laws do not apply to the USPS and thus plaintiff fails to state a claim and must be dismissed under F.R. Civ. Proc. 12(b)(6).

## II. Standard for Motion to Dismiss

In deciding a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the Court must accept as true all allegations in the complaint and must construe any well pleaded factual allegations in the plaintiff's favor. *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *see also Easton v. Sundram,* 947 F.2d 1011, 1014–15 (2d Cir.1991), cert. denied, 504 U.S. 911, 112 S.Ct. 1943, 118 L.Ed.2d 548 (1992). A court may dismiss a complaint only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of this claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *see also Still v. DeBuono,* 101 F.3d 888, 891 (2d Cir. 1996). The issue on a motion to dismiss "is not whether the plaintiff will prevail, but whether he is entitled to offer evidence to support his claims." *United States v. Yale New Haven Hosp.,* 727 F.Supp. 784, 786 (D.Conn.1990) (*citing Scheuer,* 416 U.S. at 236, 94 S.Ct. 1683).

## III. Discussion

The principal issue presented in this motion to dismiss is whether an action by a federal employee brought under CFEPA, Conn. Gen.Stat. § 46a–60 *et. seq.,* is preempted by § 717 of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–16 ("Title VII").

As originally enacted, Title VII did not protect federal employees. In 1972, Con-

gress amended Title VII by adding § 717 and in so doing, brought federal employees under the protection of Title VII. *See Brown v. General Services Administration*, 425 U.S. 820, 825, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976). Section 717 of Title VII prohibits discrimination in federal employment and establishes an administrative and judicial enforcement system designed to deal with claims of discrimination. Section 717(a) specifically includes the United States Postal Service in the list of agencies and departments to which it applies: "All personnel actions affecting employees or applicants for employment...in the United States Postal Service...shall be made free from any discrimination based on race, color, religion, sex, or national origin." *Id.* at 830, 96 S.Ct. 1961.

The question of whether § 717 of Title VII provides the exclusive judicial remedy for claims of discrimination for federal employees was addressed in *Brown v. General Services Administration*, 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976). In *Brown*, the Supreme Court concluded that " § 717 of the Civil Rights Act of 1964, as amended, provides the exclusive judicial remedy for claims of discrimination in federal employment." *Id.* at 835, 96 S.Ct. 1961. Although state law remedies parallel or complementary to those of Title VII may be available to employees in the private sector and are not preempted, *see id.* at 833–34, 96 S.Ct. 1961 (*citing Johnson v. Railway Express Agency*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975)), such remedies are preempted by § 717 of Title VII for federal employees. The *Brown* Court concluded that Congress intended to create "an exclusive, preemptive administrative and judicial scheme for the redress of federal employment discrimination" when it enacted § 717 of Title VII in 1972. *See Brown*, 425 U.S. at 828–29, 96 S.Ct. 1961.

Sections 717(b) and (c) of Title VII establish complementary administrative and judicial enforcement mechanisms. *See id.* at 831, 96 S.Ct. 1961. These mechanisms include mandatory exhaustion requirements and are applicable to federal employees, including those of the USPS. *See id.* at 832–33, 96 S.Ct. 1961; *see also Downey v. Runyon*, 160 F.3d 139, 145 (2d Cir.1998) (plaintiff obliged to exhaust administrative remedies at his disposal prior to bringing suit under Title VII); *Briones v. Runyon*, 101 F.3d 287, 289 (2d Cir.1996) (Title VII is the exclusive remedy for discrimination by the federal government and requires exhaustion of administrative remedies); *Tillett v. Carlin*, 637 F.Supp. 245, 248 (D.Conn.1985) (claims of discrimination against the Postal Service find their exclusive remedy in § 717 of Title VII and certain administrative procedures must be followed).

*Brown*'s exclusivity principle has also been found to bar employment discrimination suits against the Postal Service based on other federal statutes. *See e.g. Hughes v. United States Postal Service*, 700 F.Supp. 779, 783 (S.D.N.Y.1988) (§ 1981 claim dismissed because Title VII and Rehabilitation Act provide the sole remedies for federal employee's allegation of employment discrimination); *DiMaggio v. United States Postal Service*, 643 F.Supp. 1, 4 (D.Conn.1984) (claims based on section 1985(3) and state and federal constitutional claims dismissed because Title VII is the exclusive remedy for a federal employee in employment discrimination cases); *Bumpus v. Runyon*, 1997 WL 154053, *3–4 (S.D.N.Y. April 2, 1997) (Title VII preempts sex discrimination and retaliation claims based on other federal statutes because Title VII is the exclusive remedy for such claims).

The Second Circuit has interpreted *Brown* as precluding state law employment discrimination claims against other federal employers. *Rivera v. Heyman*, 157 F.3d 101, 104–05 (2d Cir.1998) (Employee's claims under Human Rights Laws of State and City of New York barred because Title VII provided the sole remedy for federal employees asserting employment discrimination claims); *Annis v. County of*

*Westchester*, 36 F.3d 251, 255 n. 4 (2d Cir.1994) (§ 1983 claim against a municipal government permitted to survive with observation that "[i]t is equally clear that federal employees are restricted to Title VII when complaining of employment discrimination."); *see also DiPompo v. West Point Military Academy*, 708 F.Supp. 540, 544 (S.D.N.Y.1989) (relying on *Brown*, court concluded that Title VII preempts all other statutory remedies for employment discrimination for federal employees and dismissed claims arising under various other federal and state statutes).

Elsewhere, other federal court directly addressing this question of whether § 717 of Title VII preempts state law employment discrimination claims against the Postal Service similarly found preemption. *See Schroder v. Runyon*, 1 F.Supp.2d 1272, 1279 (D.Kan.1998) (title VII preempted Kansas state law retaliation action when federal government was the employer), *aff'd*, 161 F.3d 18, 1998 WL 694518, at *3 (10th Cir.1998); *Mays v. United States Postal Service*, 928 F.Supp. 1552, 1562 (M.D.Ala.1996) (Alabama state constitutional claims barred on the ground that Title VII is the exclusive judicial remedy for federal employment discrimination), *aff'd on other grounds*, 122 F.3d 43 (11th Cir.1997); *Boyd v. Runyon*, 1996 WL 294330 at *4 (D.Kan. May 23, 1996) (Kansas state law discrimination and retaliation claim preempted by Title VII); *Callanan v. Runyon*, [sic], 903 F.Supp. 1285, 1295–96 (D.Minn.1994) (action for sex discrimination and reprisal brought under Minnesota Human Rights Act preempted by Title VII), *aff'd* on other grounds, 75 F.3d 1293 (8th Cir.1996); *Pierce v. Casey*, 1988 WL 832 at *2 (E.D.Pa. Jan.4, 1988) (complaint alleging a cause of action under Pennsylvania Human Relations Act for race and sex discrimination dismissed be-

cause Title VII is exclusive remedy for claims of discrimination in federal employment).[1]

The conclusion that claims brought under the CFEPA, 46 Conn. Gen.Stat. § 46a–60, by a United States Postal Service employee are preempted by Title VII is in accord with a previous disposition in this District. *See Serrano v. Runyon*, 1997 WL 718976 at *5 (D.Conn. Aug. 22, 1997) (dismissing plaintiff's CFEPA claim alleging sexual discrimination and common law claim of intentional infliction of emotional distress on the grounds that "as an employee of the United States Postal Service, [the plaintiff's] exclusive remedy [for federal employment discrimination] lies in Title VII.").

Plaintiff argues that his state claims are applicable to the defendant and that Title VII does not preempt such claims in light of the legislative history of Title VII and the Postal Service Reorganization Act. The Postal Reorganization Act, 39 U.S.C. § 401(1), expressly waives federal immunity and allows the Postal Service "to sue and be sued in its official name." Plaintiff references the language of *Loeffler v. Frank*, 486 U.S. 549, 556, 108 S.Ct. 1965, 100 L.Ed.2d 549 (1988), to support his contention that the Postal Service's liability is the same as any other business and that the Postal Reorganization Act transforms the Postal Service into a private employer for all purposes, including Title VII. In *Loeffler*, the Supreme Court held that the Postal Service's waiver of sovereign immunity rendered it subject to prejudgment interest on Title VII claims. *See id.* at 565, 108 S.Ct. 1965. Plaintiff urges the Court to read Title VII in conjunction with the sue-and-be-sued clause of the Postal Reorganization Act to mean that the Postal Service's liability is as a private business not as federal governmen-

---

1. Standing against the prevailing current on this issue is *Travis v. Frank*, holding that Title VII did not preclude a former postal employee's claim against the Postal Service under the Missouri Human Rights Act. 804 F.Supp. 1160, 1163–64 (E.D.Mo.1992). However, be-

cause the *Travis* court does not address *Brown* and the distinction between private and federal employees, this Court finds the *Travis* reasoning inapposite. *See also Callanan v. Runyon* [sic], 903 F.Supp. 1285, 1295–96 (D.Minn.1994).

tal entity. The Court is not persuaded. The issue in *Loeffler* was not the exclusivity of Title VII and its preemption of other state and federal remedies but rather whether the USPS could be treated like a private employer for purposes of assessing prejudgment interest in a Title VII suit. As defendant accurately argues, permitting the Postal Service to be sued under Connecticut's anti-discrimination law would allow circumvention of the mandatory administrative exhaustion requirements of § 717 of Title VII.

Moreover, post-*Loeffler* attempts to avoid the provisions of § 717 of Title VII by invoking the sue-and-be-sued clause have failed. In *Mahoney v. United States Postal Service*, 884 F.2d 1194, 1198 (9th Cir.1989), the Ninth Circuit rejected the argument that the sue-and-be-sued clause waived § 717's [then] 30–day limitation period. Referring to the statutory structure of Title VII, it observed that private sector Title VII litigation and suits against the federal government are authorized by different sections of the Civil Rights Act with the effect being that "litigants suing any governmental entity are subject to mandatory administrative proceedings before they can file an action in federal court." *Id.* at 1200. *Mahoney* further notes that "[h]ad Congress wanted to treat the USPS like a private employer during the time period prior to the filing of a Title VII claim in federal court, it could easily have done so by deleting reference to the Postal Service from section 2000e–16. Instead, Title VII as drafted expressly groups the USPS with other governmental entities..." *Id.* at 1200. *Accord Belton v. United States Postal Service*, 740 F.Supp. 269, 275 (S.D.N.Y.1990) (USPS should be treated like any other federal entity rather than a private business when accused of employment discrimination with § 717 applicable to such claim).

Plaintiff agrees that Title VII preempts actions in the federal employment sector but argues that all claims involving federal employment are not necessarily preempted by Title VII. "Title VII preempts only actions in the *federal* employment sector as opposed to actions in the *private* employment sector. Additionally, significantly, even cases which are involving *federal* employment are not all preempted by Title VII." (Pl.'s Opp'n Mem. at 5). Relying on caselaw involving state, city, and private employers on the undisputed point that federal law may preempt state or local laws if they conflict, plaintiff overlooks the narrower issue presented by this motion, i.e., whether § 717 of Title VII preempts remedies available under state laws and regulations for *federal*, including USPS, employees.

In *Brown v. GSA*, the Supreme Court examined the legislative history of Title VII. It contrasted the legislative history of the Civil Rights Act of 1964 which "manifests a congressional intent to allow an individual to pursue independently his rights under both Title VII and other applicable state and federal statutes" with that of the 1972 amendment for which there is no similar manifestation. The Supreme Court interpreted a precisely contrary congressional intent for § 717, namely an "exclusive, pre-emptive administrative and judicial scheme for the redress of federal employment discrimination." *See Brown*, 425 U.S. at 829, 833–34, 96 S.Ct. 1961; *see also Keller v. Prince George's County*, 827 F.2d 952, 962 (4th Cir.1987).

## IV. Conclusion

Having concluded that plaintiff's CFEPA claim is preempted by Title VII (*see also Danoff v. United States Postal Service* decided by this Court on June 30, 1999), the United States Postal Service's Motion to Dismiss, Or In The Alternative, For Summary Judgment [doc. # 11–1, # 11–2] is GRANTED.

IT IS SO ORDERED.