Yolanda C. BURROWS,
Plaintiff–Appellant,

v.

William J. HENDERSON, Postmaster General; United States Postal Service, Defendants–Appellees.

No. 00–1909.

United States Court of Appeals,
Sixth Circuit.

March 27, 2001.

Before KRUPANSKY, BOGGS, and BATCHELDER, Circuit Judges.

### ORDER

This is an appeal from a district court judgment for the defendants in this employment discrimination case filed under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–16, and the Michigan Elliott–Larsen Civil Rights Act, Mich. Comp. Laws Ann. § 37.2101, *et seq.* This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On January 22, 1999, Michigan postal employee Yolanda Burrows filed a complaint against the Postmaster General and the United States Postal Service in which she sought redress for alleged racial, sexual, and retaliatory employment discrimination. The district court eventually granted the defendants' motion for summary judgment in part and ordered the remainder of the complaint dismissed without prejudice.

■ This court reviews de novo the district court's decision granting summary judgment to the defendants in part and dismissing the remainder of the claims raised in the complaint without prejudice.

*See Smith v. Ameritech,* 129 F.3d 857, 863 (6th Cir.1997). Summary judgment is proper only if there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In determining whether to grant a party's motion for summary judgment, the district court must view the evidence and draw all reasonable inferences in favor of the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). A de novo examination of the record and law supports the district court's decision on appeal.

Burrows is an African–American woman who has worked for the United States Postal Service since 1988. Her career with the Postal Service has been marked by the significant number of formal complaints of discriminatory treatment she has made against her co-workers and superiors. These claims encompass allegations of discrimination and harassment based on her sex and race and the exercise of her right to seek redress for this alleged discrimination. Many of these complaints were either resolved informally or denied and will be referred to in greater detail below.

In 1999, Burrows filed a complaint of employment discrimination against the Postal Service pursuant to Title VII and the Michigan Elliott–Larsen Civil Rights Act. The district court and the defendants have spent considerable efforts to distill the precise claims for relief from Burrows's many pleadings. The complaint, for instance, contains forty-three separately denominated paragraphs in which Burrows sets forth a detailed, if somewhat disjointed, narrative of her employment

problems and efforts to resolve them. Burrows refers to events occurring from February 1998 to December 23, 1998 which she contends constitute discriminatory acts (failure to honor request for transfer, false absentee charges, failure to prevent harassment of co-worker who waved at Burrows). She also refers to prior EEOC complaints. Burrows concludes with paragraph forty-three, in which she states

A copy of my charge to the Equal Employment Opportunity Commission is attached to this complaint and is submitted as a brief statement of the facts of this claim.

The attached EEOC "Complaint of Discrimination in the Postal Service" contains the following summary of specific facts underlying the charge of employment discrimination.

Before I returned to work in March 1998 I was promise [sic] no contact with Mike Jones. My first day back Mike Jones was there. He came back the second day. Jan did nothing to stop him. Then in July 1998 Mike Jones waved at me. Jan Pebley told me that she did not believe me because she waved at him good bye. She did not she [sic] him drive off she only saw him walk out of sight distance. Jan Pebley had a responsibility to stop the harassment, she failed to live up to her responsibility.

The parties engaged in responsive pleading, during which Burrows repeatedly attached prior EEOC complaint forms or referred to these complaints, most of which were filed in 1997. These forms contained many claims of racial, sexual and retaliatory conduct. In one of her pleadings, Burrows submitted a concrete statement of her claims.

Plaintiff's complaint can be broken down into Three major areas of dispute: first, that she made a complaint of Supervisor Michael Jones sexually harassing and

harassing her, and second, that Don Hall failed to take remedial action thus encouraging the behavior which forced plaintiff to work in a hostile environment which ultimately forced plaintiff to take a constructive discharge, and third, that she was subject to retaliation for having made her repeated EEO complaints about her treatment.

Finally, Burrows affirms in her appellate brief that her claim is based on retaliation.

The defendants eventually moved for dismissal or for summary judgment on the merits of the complaint and on the unavailability of the Michigan Elliott–Larsen Act to a postal employee. The district court ultimately concluded that: 1) Burrows could not maintain an action under the Elliott–Larsen Act; 2) the claims contained in complaint paragraphs numbered eighteen through forty were dismissed without prejudice for failure to exhaust administrative remedies; and, 3) the defendants were entitled to summary judgment on the remaining claim of retaliatory discrimination.

■ The district court properly dismissed Burrows's claims purportedly filed under the Michigan Elliott–Larsen Act. Title VII prescribed federal employment discrimination and otherwise established an administrative and judicial enforcement system intended to be both exclusive and preemptive of state law claims. *See Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 829, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976).

■ The court also properly granted summary judgment to the defendants on the retaliation claims. To establish a prima facie case of retaliation, it was incumbent upon Burrows to show that: 1) she engaged in an activity protected by Title VII; 2) the Postal Service knew she had

exercised her protected rights; 3) she subsequently suffered an adverse employment action by the Postal Service; and 4) there was a causal connection between the protected activity and the adverse employment action. *Wrenn v. Gould,* 808 F.2d 493, 500–02 (6th Cir.1987). The adverse employment action must be a "materially adverse change in the terms of [one's] employment" and "must be more disruptive than a mere inconvenience or an alteration of job responsibilities." *Kocsis v. Multi–Care Mgmt., Inc.,* 97 F.3d 876, 885–86 (6th Cir.1996).

■ The only relevant, adverse employment actions identified by Burrows in the complaint are that Mike Jones waved at her and that Jan Pebley did not prevent this alleged harassment. This de minimis impact on Burrows falls far short of the adverse employment action contemplated in law. The fact that Burrows may be especially sensitive does not bestow any legitimacy upon this claim.

Finally, Burrows does not show how the district court erred in concluding that she needed to exhaust the remainder of her complaints and it does not otherwise appear that the district court erred in this determination. This appeal lacks merit.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.