**Donita J. LAWSON, Plaintiff,**

v.

**John E. POTTER, Defendant.**

**No. CIV.A.03–3264–CV–S–R.**

United States District Court,
W.D. Missouri,
Southern Division.

Sept. 16, 2003.

---

Jerry M. Kirksey, Douglas, Lynch, Haun & Kirksey, P.C., Bolivar, for plaintiff.

Cynthia J. Hyde, Assistant United States Attorney, Springfield, for defendant.

## ORDER

LARSEN, United States Magistrate Judge.

Before the court is defendant's motion to dismiss for lack of subject matter jurisdiction and failure to state a claim, pursuant to Rules 12(b)(1) and 12(b)(6), FED. R. CIV. P. On September 2, 2003, I ordered the parties to submit additional briefs on two issues: (1) whether the doctrine of complete preemption applies to convert plaintiff's claim to a Title VII claim of employment discrimination, and (2) whether plaintiff has alleged facts in her com-

plaint sufficient to state a Title VII claim.[1] I find that the complete preemption doctrine does apply here, and that plaintiff has failed to exhaust her federal administrative remedies. This court therefore lacks subject matter jurisdiction and the claims must be dismissed.

## I. BACKGROUND

On August 6, 2001, plaintiff filed a complaint in the Circuit Court of Taney County, Missouri, against William J. Henderson, then-Postmaster General of the United States Postal Service. Plaintiff charged defendant with employment discrimination, hostile work environment, and retaliation under the Missouri Human Rights Act, MO. REV. STAT. § 213 *et seq.* Plaintiff requested monetary damages, including compensatory and punitive damages, attorney fees, and costs.

In her complaint, plaintiff alleged that she was employed by the United States Postal Service as a contractor. During her employment, a co-worker Billy Schaefer allegedly made repeated statements of a sexual nature to plaintiff and touched and gestured to plaintiff in an offensive sexual manner. Plaintiff alleged that she reported Mr. Schaefer's conduct to management; however, no action was taken to stop the conduct. As a result, plaintiff alleged, the conduct grew worse. Plaintiff also alleged that defendant took adverse action against her in retaliation for reporting Mr. Schaefer's conduct.

Plaintiff stated in her complaint that, with respect to the unlawful employment practices, a Charge of Discrimination was filed with the Missouri Commission of Human Rights (MCHR) within 180 days of the most recent unlawful employment practices alleged and more than 60 days prior to the commencement of the instant action. Plaintiff was issued a Right to Sue letter by the MCHR on May 2, 2001, informing her of her right to pursue independent legal action. All of the allegations and administrative procedures described in the complaint were stated in terms of Missouri law; no mention was made of Title VII, 42 U.S.C. § 2000e *et seq.,* or the administrative remedies prescribed in 29 C.F.R. § 1614.105 *et seq.*

On July 15, 2003, defendant filed a notice of removal to the United States District Court for the Western District of Missouri, asserting a right to removal under 28 U.S.C. § 1442(a)(1). On July 21, 2003, defendant filed a motion to substitute parties and motion to dismiss. I granted the motion to substitute the current Postmaster General John E. Potter for William Henderson, and ordered the parties to submit additional briefing on whether this case could and should proceed as a Title VII claim. The parties submitted briefs as ordered by September 10, 2003.

## II. DISCUSSION

### a. Preemption

■ Defendant asserts, as his primary grounds for dismissal, that plaintiff has failed to state a claim upon which relief can be granted. He argues that the Missouri Human Rights Act, upon which plaintiff bases her claim, is preempted by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.,* and that Title VII provides the exclusive remedy for employment discrimination claims against the federal government. I find that defendant is correct in these assertions; however, preemption alone does not require dismissal of plaintiff's claims.

---

1. I also invited the parties to brief any other issues they deemed relevant to this motion to dismiss.

In *Brown v. General Services Administration*, the United States Supreme Court held unequivocally that § 717 of the Civil Rights Act of 1964 "provides the exclusive judicial remedy for claims of discrimination in federal employment." 425 U.S. 820, 835, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976). In its discussion the Court set forth the full text of § 717, including the provision naming the United States Postal Service within its scope. *Id.* at 830, 96 S.Ct. 1961. *See also* 42 U.S.C. § 2000e–16 (2002). Section 717(a) states, specifically,

All personnel actions affecting employees or applicants for employment . . . in military departments . . . , in executive agencies . . . , *in the United States Postal Service and the Postal Rate Commission,* in those units of the Government of the District of Columbia having positions in the competitive service, and in those units of the judicial branch of the Federal Government having positions in the competitive service, in the Smithsonian Institution, and in the Government Printing Office, the General Accounting Office, and the Library of Congress shall be made free from any discrimination based on race, color, religion, sex, or national origin.

42 U.S.C. § 2000e–16(a) (emphasis added). Nothing in the statutory text or in the Court's discussion of § 717 in *Brown* suggests that any one of the delineated federal employers should be treated differently or exempted from the ruling in *Brown*.

In the long line of cases interpreting and applying the *Brown* decision, one case has allowed the Postmaster General to be sued under a state anti-discrimination law. In *Travis v. Frank*, the Eastern District of Missouri held that federal employees "enjoy the same rights available in the courts as are granted to individuals in the private sector", including the right to bring state law discrimination claims against federal employers. 804 F.Supp. 1160, 1164 (E.D.Mo.1992). In reaching this decision, the *Travis* court extended the reasoning of Eighth Circuit and Supreme Court decisions interpreting Title VII. The *Travis* court failed to consider the Supreme Court's decision in *Brown*, however, and failed to note that its reasoning reached the same conclusion as the *Brown* dissent. The law of federal employment discrimination, as announced by the *Brown* majority, is that Title VII-specifically § 717–provides the preemptive and exclusive remedy for federal employees. No other remedies based on either federal or state law are available. *See Mathis v. Henderson,* 243 F.3d 446 (2001), *Colon v. United States Postal Service,* 95 F.Supp.2d 85 (D.Conn. 1999), *Callanan v. Runyun,* 903 F.Supp. 1285 (D.Minn.1994).

In 2003, the United States Supreme Court again addressed the issue of preemption, this time in the context of federal jurisdiction. In *Beneficial National Bank v. Anderson,* the Court revived the doctrine of complete preemption and announced the test for when the doctrine applies. —— U.S. ——, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003). "When a federal statute wholly displaces the state-law cause of action through complete pre-emption . . . a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." *Id.* at 2063, 123 S.Ct. 2058. The standard applied by the Court was whether the federal act provides the exclusive cause of action. *Id.* The Court also considered that statutes previously falling under the complete preemption doctrine "set forth procedures and remedies governing that cause of action." *Id.*

Complete preemption is generally applied, as in *Anderson,* to permit removal jurisdiction over a claim that has been pleaded only in terms of state law. *See id.* The implications of complete preemption are not exclusively jurisdictional, however.

Once the case is in federal court, federal law, not state law, governs the disposition of the preempted claims. *See Anderson, supra,* at 2064, 123 S.Ct. 2058 (discussing *Farmers' and Mechanics' National Bank v. Dearing,* 91 U.S. 29, 23 L.Ed. 196 (1875)). In this regard, the complete preemption doctrine is an exception to the "well-pleaded complaint" rule that places on the plaintiff the privilege-and the burden-of determining the scope of litigation. *Id.* at 2061.

The public policy considerations implicit in the complete preemption doctrine are to promote uniformity and maintain federal control over claims that Congress has determined to be the exclusive domain of federal law. Laws falling within this doctrine do not merely provide preemptory defenses to state law claims. *See id.* at 2063–64. Rather, the federal law "displace[s] entirely any [relevant] state cause of action." *Id.* at 2062 (quoting *Franchise Tax Bd. of California v. Construction Laborers Vacation Trust for Southern California,* 463 U.S. 1, 23–24, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)).

In the instant case, plaintiff argues that the United States Postal Service is a quasi-private entity that should be treated as a private employer for the purpose of employment discrimination suits. In support of this proposition, plaintiff cites *Travis v. Frank, supra* (permitting suit against Postmaster General under Missouri Human Rights Act), *Swenson v. Management Recruiters Intl., Inc.,* 858 F.2d 1304 (8th Cir.1988)(permitting claims under both Title VII and state law against private employer), *Chandler v. Roudebush,* 425 U.S. 840, 96 S.Ct. 1949, 48 L.Ed.2d 416 (1976) (stating that Title VII accords federal employees "full rights available in the courts as are granted to individuals in the private

sector"), and a host of cases treating the Postal Service as a commercial enterprise.

Plaintiff seeks to complicate an issue of law that is remarkable only in its simplicity. Section 717 extends Title VII rights against employment discrimination to federal government employees. The United States Postal Service is expressly named as a federal government employer in that statute. The United States Supreme Court has interpreted § 717 as providing the exclusive and preemptive remedy for federal employment discrimination claims. Nothing in statutory or case law suggests that either Congress or the Supreme Court intended that the Postal Service be exempt from this straightforward rule of law.

The dissent in *Brown* argued that federal employees should have the same remedies as private sector employees, but the majority of the Court rejected that argument. If some courts incorporate the dissenting line of reasoning in their decisions, that is a matter for the parties to resolve on appeal if they so choose. If higher federal courts have treated the Postal Service as a commercial enterprise for the purpose of other litigation, they have not yet extended that treatment to issues of employment discrimination. Finally, *Chandler v. Roudebush* was decided by the Supreme Court on the same day as *Brown v. GSA.* Justice Stewart wrote both opinions, and was clearly aware of the policy statement he made in *Chandler* when he issued the *Brown* decision. I can find no plausible way to read the statements in those two cases as incompatible, or as somehow requiring that the Postal Service be exempted from the exclusivity rule announced in *Brown.*[2]

---

**2.** *Chandler* involved an employment discrimination claim against the Veterans' Administration.

Regarding the application of the complete preemption doctrine, defendant argues that the *Anderson* holding has no application to this case because federal jurisdiction has not been asserted under 28 U.S.C. § 1441, federal question jurisdiction. Defendant suggests an interpretation of the complete preemption doctrine that would serve only to benefit defendants seeking to confound a plaintiff's choice of forum. As noted above, the policy behind complete preemption is not to grant a procedural boon to defendants but to preserve the integrity of exclusively federal claims. Where complete preemption applies, it applies absolutely to displace state law claims and to impose the preemptive federal law.

Complete preemption, under the *Anderson* test, does apply to Title VII employment discrimination claims against federal employers. Extensive case law confirms that Congress did intend that § 717 of the Civil Rights Act of 1964 preempt state law and provide the exclusive remedy for federal employment discrimination. Furthermore, § 717, Title VII, and the accompanying federal regulations set forth the procedures and remedies that govern the cause of action. Federal employees seeking relief for alleged employment discrimination have no choice but to pursue a remedy under § 717. And, considering the wealth of grounds for removal of such claims, they likely have no choice but to pursue such claims in federal court. Title VII therefore completely preempts state law in the matter of federal employment discrimination, and any claims proposing disposition under state law actually arise from federal law.

Defendant asks this court to dismiss plaintiff's claims because she failed to assert a Title VII claim in her complaint. Applying such a stringent test for dismissal, however, would lead to an incorrect result in certain cases, for example, where a plaintiff brings a state law discrimination claim but also alleges exhaustion of federal administrative remedies. Such a case should not be dismissed from federal court because it, in fact, asserts a Title VII claim, notwithstanding plaintiff's failure to plead it as such.

I find, therefore, that Title VII does preempt the Missouri Human Rights Act in claims of employment discrimination against the federal government. I find, further, that the complete preemption doctrine applies to convert plaintiff's state law claim into a Title VII claim. The only remaining question is whether the Title VII claim, as such, will lie.

### b. Subject Matter Jurisdiction–Exhaustion of Remedies

The issue that confronts us in evaluating plaintiff's Title VII claim is one of subject matter jurisdiction. 29 C.F.R. § 1614.105–110 describes in detail the procedure federal employees must follow in bringing an employment discrimination claim. No court has jurisdiction over a federal employment discrimination claim until and unless the plaintiff exhausts her administrative remedies. *Burkett v. Glickman*, 327 F.3d 658, 660 (8th Cir.2003). *See also* 42 U.S.C. § 2000e–16(c).

Specifically, as a prerequisite to bringing a claim of employment discrimination, and within 45 days of an allegedly discriminatory incident, a Postal employee must first initiate contact with the EEO Counselor for the United States Postal Service. 29 C.F.R. § 1614.105(a)(1). If dissatisfied with the result obtained with the help of the Counselor, the employee may then, within certain time limits, file a formal complaint with the Postal Service. 29 C.F.R. § 1614.106. The Postal Service, as a federal agency, has a duty to investigate the complaint, to provide a hearing on the complaint if requested, and to fulfill other

administrative requirements. *See* 29 C.F.R. § .1614.106–110. Once the agency has taken final action on the complaint, the employee may appeal the decision to the EEOC. 29 C.F.R. § 1614.110. As an alternative, the employee can file a civil action in federal district court, again within a certain time frame. 42 U.S.C. § 2000e–16(c). The federal agency employer always has the first opportunity to investigate and resolve the complaint. *See id.*

 Plaintiff argues that "at this stage," she must merely make a prima facie case for her hostile work environment and retaliation claims. Plaintiff overlooks her duty to establish subject matter jurisdiction with this court. Plaintiff's complaint, filed in state court, alleges that "This Court has jurisdiction of this cause of action." Complaint at ¶ 3.[3] After the case was removed and defendant filed his motion to dismiss, I gave the parties notice of my inclination to view this case as a Title VII claim. Despite being aware of the change in jurisdiction, having notice of the potential change in applicable law, and having every opportunity to brief the jurisdiction issue or even request leave to file an amended complaint, plaintiff has failed to allege that she has exhausted her federal administrative remedies. There is not even enough of a factual dispute regarding exhaustion of remedies to warrant holding an evidentiary hearing on the matter.

### III. CONCLUSION

I find that plaintiff's claims under the Missouri Human Rights Act are preempted by Title VII of the Civil Rights Act of 1964. I find, further, that Title VII completely preempts claims of federal employment discrimination and therefore

converts plaintiff's state law claims into federal Title VII claims. I find that this court lacks subject matter jurisdiction over plaintiff's claims, and that this case must be dismissed pursuant to Rule 12(b)(1) for plaintiff's failure to exhaust her administrative remedies.

It is therefore

ORDERED that defendant's motion to dismiss for lack of subject matter jurisdiction is granted. Plaintiff's claims are dismissed without prejudice.

---

3. This statement of jurisdiction is doubtful, even in state court, because of the likelihood that plaintiff's claims are time-barred. Plaintiff states that she received her Right to Sue letter from the MCHR on May 2, 2001. The

clerk's time stamp on the complaint indicates that her complaint was filed on August 6, 2001, 96 days after the Right to Sue letter was received.