Joseph MATHIRAMPUZHA, Plaintiff,

v.

John POTTER, Postmaster General, United States Postal Service, and Ron Sacco, Defendants

No. CIV. 3:04CV841JBA.

United States District Court, D. Connecticut.

June 7, 2005.

W. Martyn Philpot, Jr., Law Offices of W. Martyn Philpot, Jr., LLC, New Haven, CT, for Joseph Mathirampuzha.

### RULING ON DEFENDANTS' PARTIAL MOTION TO DISMISS AND MOTION TO STRIKE [DOC. # 20]

ARTERTON, District Judge.

Plaintiff Joseph Mathirampuzha filed this employment discrimination action against the United States Postal Service ("USPS"), Postmaster General John Potter, and USPS supervisor Ron Sacco. *See* Am. Compl. [Doc. # 17] at ¶¶ 4–6. The two-count amended complaint alleges violations of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e *et seq.,* and the Connecticut Fair Employment Practices Act ("CFEPA"), Conn. Gen.Stat. § 46a–60. Now before the Court is defendants' motion [Doc. # 20] to dismiss the CFEPA claim, to dismiss Ron Sacco as a party, and to strike the plaintiff's prayer for punitive damages. For the reasons that follow, defendants' motion will be granted.

### I. Factual Background

The amended complaint alleges the following facts, which are presumed to be true for purposes of deciding this motion to dismiss. *See Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984), *Allen v. WestPoint–Pepperell, Inc.,* 945 F.2d 40, 44 (2d Cir. 1991).

The plaintiff has worked for USPS since 1997. Am. Compl. ¶ 6. On September 29, 2003 he "was working a non-scheduled day on overtime in the flatsorter operation," as instructed by the Manager of District Operations. At approximately 11:30 p.m., another supervisor instructed plaintiff "to check for '120 mail' in the FSM100 area." *Id.* at ¶ 7. Defendant Sacco, "who was standing approximately four... feet away,

began pointing his finger at him and yelling, 'Joe, where are you going ?!'" *Id.* When plaintiff responded that he had been instructed to go pick up "120 mail," Sacco yelled, "You are not going to go!" *Id.* at ¶ 8. Sacco approached the plaintiff "and began standing so close to him that the plaintiff was forced to grab the railing behind him in an effort to brace himself against falling to the floor." *Id.* at ¶ 9. Sacco then hit plaintiff on his left shoulder and pinned him against the railing. *Id.*

Plaintiff alleges that Sacco "has verbally harassed" him since October 1999, creating a hostile work environment. The plaintiff claims that Sacco's harassment was motivated by the plaintiff's "Indian ethnicity." *Id.* ¶ 18. Plaintiff also claims that he suffered retaliation for complaining about Sacco's "unprofessional and discriminatory conduct." *Id.* at ¶ 12.

## II. Standard

■ To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must set forth " 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (quoting Fed.R.Civ.P. 8(a)(2)), *see also Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). A "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley,* 355 U.S. at 45–46, 78 S.Ct. 99 (footnote omitted), *see also Jaghory v. N.Y. State Dep't of Educ.,* 131 F.3d 326, 329 (2d Cir.1997). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the

pleadings that a recovery is very remote and unlikely but that is not the test." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

## III. Discussion

### A. CFEPA Claim

■ The United States Supreme Court held in *Brown v. General Services Administration,* 425 U.S. 820, 829, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976), that Title VII is the "exclusive, pre-emptive administrative and judicial scheme for the redress of federal employment discrimination." The *Brown* decision interpreted the Equal Employment Opportunity Act of 1972, codified at 42 U.S.C. § 2000e–16, which extended Title VII's protections to federal employees, including employees of the United States Postal Service. *Id.* at 826–830, 96 S.Ct. 1961. The Supreme Court held that because the 1972 statute created a comprehensive administrative and judicial scheme, the "balance, completeness, and structural integrity" of the statute "are inconsistent with" any other remedies for federal employees. *Id.* at 832, 96 S.Ct. 1961. Thus the petitioner in that case, an employee of the General Services Administration, was constrained to follow the administrative exhaustion requirements of Title VII and could not circumvent such requirements by bringing suit under another federal statute. *Id.* at 833, 96 S.Ct. 1961.

■ The Second Circuit also has held that Title VII procedures provide the exclusive remedy for federal employees asserting employment discrimination claims. *Rivera v. Heyman,* 157 F.3d 101, 105 (2d Cir.1998). In *Rivera,* the plaintiff brought suit against the Smithsonian Institution and individual defendants, alleging disability discrimination under the Rehabilitation Act and New York State and City Human Rights Law. *Id.* at 102. The court affirmed dismissal of the non-federal claims

because § 501 of the Rehabilitation Act provided identical procedures and relief as Title VII, and thus, under *Brown*, was plaintiff's exclusive remedy as a federal employee. *Id.* at 105.

█ Courts in other jurisdictions have uniformly held that Title VII preempts state law employment discrimination claims brought by federal employees.[1] This Court similarly has held that Title VII preempts CEFPA in actions against the USPS. *Colon v. United States Postal Service*, 95 F.Supp.2d 85, 88 (D.Conn.1999) (Arterton, J.); *see also Serrano v. Runyon*, 1997 WL 718976 at *5 (D.Conn. Aug. 22, 1997) (Squatrito, J.).

Plaintiff's brief, which does not acknowledge *Brown* or its progeny cited above, fails to distinguish between the statutory provisions applicable to federal and private employers. While plaintiff is correct that "Title VII permits the states to adopt anti-discrimination measures more stringent than its own" under 42 U.S.C. § 2000e–7, *see* Pl. Mot. in Opp. [Doc. # 22] at 4, that provision of Title VII applies to state laws governing private employers and not the federal government. The cases plaintiff cites concerning ERISA and the LMRA are inapposite.

Thus the Court holds that Mathirampuzha's CFEPA claim against the Postal Ser-

---

1. *See Burrows v. Henderson*, 7 Fed.Appx. 472, 474 (6th Cir.2001) (unpublished) (holding that Postal Service employee was preempted from bringing employment discrimination claim under Michigan civil rights statute because Title VII was her exclusive remedy); *Davis v. Runyon*, 142 F.3d 433, 1998 WL 96558 at *5 (6th Cir.1998) (unpublished) (holding Postal Service employee who alleged race discrimination was limited to Title VII claim and precluded from bringing suit under Ohio anti-discrimination law and 42 U.S.C. § 1981); *Roland v. Potter*, 366 F.Supp.2d 1233, 1234 (S.D.Ga.2005) (state law claim for intentional infliction of emotional distress against USPS and individual supervisor preempted by Title VII); *Randall v. Potter*, No. 01Civ.2097 (THK), 2004 WL 439491 at *4 (S.D.N.Y. Mar. 9, 2004) (dismissing claims against USPS under New York Human Rights Law as preempted by Title VII); *Lawson v. Potter*, 282 F.Supp.2d 1089, 1094 (W.D.Mo.2003) (Title VII preempted employment discrimination claim brought in state court under Missouri antidiscrimination law, and therefore defendant USPS was entitled to remove claim to federal court and "convert" it into a Title VII action); *Marshall v. Nat'l Assoc. of Letter Carriers*, Nos. 00 Civ. 3167(LTS), 01 Civ. 3086(LTS), 2003 WL 223563 at *6 (S.D.N.Y. Feb. 3, 2003) (dismissing as preempted by Title VII numerous federal and state statutory and common law claims brought by Postal Service employee *pro se*); *Schroder v. Runyon*, 1 F.Supp.2d 1272, 1279 (D.Kan.1998), *aff'd* 161 F.3d 18, 1998 WL 694518 at *3 (10th Cir.1998) (Title VII preempted former Postal Service employee's state law claim for retaliatory discharge); *Mays v. United States Postal Service*, 928 F.Supp. 1552, 1562 (M.D.Ala. 1996), *aff'd on other grounds*, 122 F.3d 43 (11th Cir.1997) (Alabama state constitutional claims barred on the ground that Title VII is the exclusive judicial remedy for federal employment discrimination); *Boyd v. Runyon*, No. 94–1557–JTM, 1996 WL 294330 at *4 (D.Kan. May 23, 1996) (Kansas state law discrimination and retaliation claim preempted by Title VII); *Callanan v. Runyun*, 903 F.Supp. 1285, 1295–96 (D.Minn.1994), *aff'd on other grounds*, 75 F.3d 1293 (8th Cir.1996) (action for sex discrimination and reprisal brought under Minnesota Human Rights Act preempted by Title VII); *Pierce v. Casey*, Civ. No. 87–5319, 1988 WL 832 at *2 (E.D.Pa. Jan. 4, 1988) (complaint alleging violation of Pennsylvania Human Relations Act for race and sex discrimination dismissed as preempted by Title VII).

The only case to the contrary is *Travis v. Frank*, 804 F.Supp. 1160, 1163–64 (E.D.Mo. 1992), which held that Title VII did not preclude a former postal employee's claim against the Postal Service under the Missouri Human Rights Act. *Travis* did not address *Brown* or the distinction between private and federal employees, and therefore other courts have declined to follow its reasoning, *see Lawson v. Potter*, 282 F.Supp.2d 1089, 1094 (W.D.Mo.2003), as does this Court.

vice is preempted by Title VII and must be dismissed.

### B. Claims Against Ron Sacco and USPS

■ Under 42 U.S.C. § 2000e–16(c), the proper defendant in an employment discrimination action brought by a federal employee is "the head of the department, agency, or unit." Title 42 U.S.C. § 2000e–16(a) defines the United States Postal Service as one such "department, agency, or unit." Thus, the proper defendant in a Title VII case brought by a USPS employee is the Postmaster General. *Soto v. United States Postal Service*, 905 F.2d 537, 539 (1st Cir.1990) ("In cases brought against the Postal Service, the Postmaster General is the only properly named defendant. A district court should dismiss claims brought against all other defendants, including the U.S. Postal Service and the local postmaster.") (internal citation omitted); *Lamb v. United States Postal Service*, 852 F.2d 845, 846 (5th Cir. 1988) ("we have unequivocally adopted the rule that the only proper defendant in a Title VII action against the Postal Service is the Postmaster General."); *Randall,* 2004 WL 439491 at *4 (dismissing Title VII claims against various managers of distribution operations at a Bronx USPS facility and holding that Postmaster General was only proper defendant).

■ Further, as plaintiff acknowledges, the Second Circuit has held that Title VII imposes no liability on individuals, including individual supervisors. *Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir.2000) (per curiam) ("individuals are not subject to liability under Title VII"); *Tomka v.*

*Seiler Corp.*, 66 F.3d 1295, 1313–17 (2d Cir.1995), *abrogated on other grounds, Burlington Indust., Inc. v. Ellerth*, 524 U.S. 742, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998) (no individual liability for mid-level regional managers employed by a private corporation).

In this case, while Ron Sacco's exact position is unclear from the complaint, plaintiff's claims against him and the USPS will be dismissed, leaving only Postmaster General John Potter as a defendant, because Title VII does not impose individual liability and because the only proper defendant in a Title VII action by a USPS employee is the Postmaster General.[2]

### C. Plaintiff's Prayer for Punitive Damages

■ Under 42 U.S.C. § 1981a(b)(1):

A complaining party may recover punitive damages ... against a respondent (*other than a government, government agency or political subdivision* ) if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual. (Emphasis added).

The USPS is a "government agency" for purposes of the statute exempting government agencies from punitive damages in Title VII actions. *Robinson v. Runyon*, 149 F.3d 507, 516 (6th Cir.1998); *Baker v. Runyon*, 114 F.3d 668, 670 (7th Cir.1997); *Boenig v. Potter*, No. 3:03CV2275 (CFD), 2005 WL 736822 at *6–7 (D.Conn. Mar. 28, 2005); *Ausfeldt v. Runyon*, 950 F.Supp. 478, 487–88 (N.D.N.Y.1997); *Miller v.*

---

**2.** On motion of the defendants, the United States was substituted by operation of law for defendant Sacco as to plaintiff's state law claims. *See* Order of Substitution, Oct. 29, 2004 [Doc. # 19]. As the CFEPA claim now has been dismissed, and plaintiff's amended complaint does not assert any state tort claims, the only named defendant in this case should be the Postmaster General.

*Runyon,* 932 F.Supp. 276, 277 (M.D.Ala. 1996).

Plaintiff argues that the Postal Service Reorganization Act of 1970, 39 U.S.C. § 401(1), which waived federal immunity and allowed the USPS "to sue and be sued in its official name," left an "open question as to whether or not the Postal Service now can properly be considered a government agency and/or political subdivision." Pl. Mot. in Opp. at 9. The Second Circuit has stated, however, that although "the 'sue and be sued' clause in the Postal Reorganization Act ... effectively waived sovereign immunity for the postal service, ... the waiver does not change the fact that the party being sued is still the federal government. The postal service is an 'independent establishment of the executive branch of the Government of the United States'. 39 U.S.C. § 201." *In re Young,* 869 F.2d 158, 159 (2d Cir.1989) (per curiam). Thus, the Court of Appeals held in *Young* that the right of jury trial in Title VII cases did not apply to actions against the Postal Service, which still was considered a government agency. *Id.*

Based on the same reasoning, other courts uniformly have determined that "[a]lthough the Postal Service has a 'commercial like' operation, it functions as part of the federal government" and therefore is not subject to a punitive damages assessments under Title VII. *Robinson,* 149 F.3d at 516; *see also Baker,* 114 F.3d at 670 ("While [the Sixth Circuit], as well as the Supreme Court, has recognized the quasi-commercial nature of the Postal Service on several prior occasions, ... neither court has ever held that the Postal Service is anything other than a federal agency" for punitive damages purposes); *Boenig,* 2005 WL 736822 at *6–7; *Matos v. Runyon,* No. 3:95cv2012 (AWT), 1998 WL 229839 at *5 (D.Conn. Mar. 25, 1998);

*Ausfeldt,* 950 F.Supp. at 487–88 (N.D.N.Y. 1997).

Because punitive damages cannot be assessed against the USPS, plaintiff's prayer for punitive damages must be stricken from the amended complaint.

## IV. Conclusion

Accordingly, defendants' motion [Doc. # 20] is GRANTED. Plaintiff's CFEPA claim (Count Two), his Title VII claim as to Sacco and the USPS, and his prayer for punitive damages are dismissed.

IT IS SO ORDERED.